■ In the Matter of KATHLEEN RINALDI, Respondent, v ROB- ERT M. RINALDI, Appellant. [657 NYS2d 443] —In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of (1) an order of the Family Court, Suffolk County (Lynaugh, H.E.), dated October 3, 1995, as, after a hearing, determined that the petitioner was entitled to arrears in the sum of $1,700 and directed payment by him of $25 per week toward the arrears, and (2) an order of the same court (Pach, J.), dated December 8, 1995, as denied his objections to so much of the order dated October 3, 1995, as determined that the petitioner was entitled to arrears in the sum of $1,700 and directed payment by him of $25 per week toward the arrears.

Ordered that the appeal from the order dated October 3, 1995, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 8, 1995; and it is further,

Ordered that the order dated December 8, 1995, is affirmed insofar as appealed from, without costs or disbursements.

The issues raised by the father on this appeal are not reviewable. The Family Court properly denied the father's objections on the ground that he failed to file proof of service of a copy of the objections on the mother. Family Court Act § 439 (e) provides, in pertinent part, that "[a] party filing objections

shall serve a copy of such objections upon the opposing party", and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal". By failing to file proof of service of a copy of his objections on the petitioner, the father failed to fulfill a condition precedent to filing timely written objections to the Hearing Examiner's decision and order (see, Matter of Fokine v Prisciantelli, 208 AD2d 534). Consequently, he waived his right to appellate review of the objections (see, Matter of Star v Frazer, 232 AD2d 570). Bracken, J. P., Sullivan, Santucci and Altman JJ., concur.