■■ In the Matter of JENNIE R. MASSE, Respondent, v MARK J. MASSE, Appellant. [709 NYS2d 778] —Order unanimously re-

versed on the law without costs, objections granted in part, order of Hearing Examiner vacated, petition reinstated and matter remitted to Erie County Family Court for further proceedings on the petition. Memorandum: Respondent appeals from an order of Family Court denying his objections to the Hearing Examiner's order. The Hearing Examiner dismissed as untimely respondent's petition to stay the enforcement of an order of child support that was entered in North Carolina and registered in New York State. The notice of registration of the North Carolina support order was mailed to respondent on July 10, 1998 and received by him on July 11, 1998, and respondent filed the instant petition on August 3, 1998.

Family Court Act § 580-605 (b) (2) requires that a notice of registration of an order must inform the nonregistering party "that a hearing to contest the validity or enforcement of the registered order must be requested within twenty days after notice." Family Court Act § 580-606 (a) requires that "[a] nonregistering party seeking to contest the validity or enforcement of a registered order in this state shall request a hearing within twenty days after notice of the registration." Neither statute provides guidance with respect to the manner in which notice of the registration of the order is to be provided to a nonregistering party, or the manner in which the 20-day period is to be calculated.

Because the "method of procedure" is not prescribed by the Family Court Act, we conclude that the provisions of CPLR 2103, governing the service of papers, should be applied here (Family Ct Act § 165 [a]). Pursuant to CPLR 2103 (b) (2), "service by mail shall be complete upon mailing; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period." In adding five days to the date of mailing, we conclude that respondent's application on the last day of the 20-day period in which to request a hearing was timely (*see generally, Matter of Barros v Vila,* 271 AD2d 711). We therefore reverse the order, grant in part the objections, vacate the order of the Hearing Examiner, reinstate the petition and remit the matter to Erie County Family Court for further proceedings on the petition. (Appeal from Order of Erie County Family Court, Battle, J.—Support.) Present—Pine, J. P., Wisner, Scudder and Lawton, JJ.