[743 NYS2d 758]

In the Matter of ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of OPAL HURD, Respondent, v DONALD HURD, Appellant.

Fourth Department, June 14, 2002

APPEARANCES OF COUNSEL

*Frank J. Nebush, Jr., Public Defender's Office*, Utica (*Dean P. D'Amelio* of counsel), for appellant.

*Cynthia M. Salmon-Conzola*, Oneida County Department of Social Services, Utica, for respondent.

### OPINION OF THE COURT

SCUDDER, J.

On this appeal, we are asked to determine whether Family Court erred in determining that respondent's objections to the order of the Hearing Examiner were not timely filed and thus whether the court erred in dismissing the objections on that ground. We conclude that petitioner's failure to serve a copy of the Hearing Examiner's order by mail upon respondent's attorney, as directed in the order itself and as required by CPLR 2103 (b), requires reversal. We further conclude that reversal is required on the additional ground that the record does not establish whether the requisite order with notice of entry was mailed to respondent and, if so, the date of the mailing.

The underlying facts are simply stated. Petitioner commenced this proceeding seeking an order finding respondent in willful violation of a child support order and seeking child support arrears. The Hearing Examiner's order, entered on September 5, 2000, found that respondent had willfully failed to pay child support and ordered modification of child support. The Hearing Examiner's order directed petitioner to serve a copy of the order by mail upon respondent and his attorney within three days of petitioner's receipt of the signed order. A copy of the order was mailed to respondent, who was incarcerated, on September 20, 2000. Although it is undisputed that petitioner did not mail a copy of the order to respondent's attorney, respondent's attorney nevertheless received a copy of the order, apparently from respondent, on October 23, 2000. Respondent's attorney filed objections to the order on November 15, 2000.

In dismissing the objections as untimely filed, the court determined that it was the obligation of respondent to contact his attorney if he was dissatisfied with the Hearing Examiner's order and that respondent had failed to do so in a timely manner. That was error.

Here, the order of the Hearing Examiner expressly directed petitioner to serve a copy of the order by mail upon both respondent and his attorney, and we conclude that the time in

which to file objections would not begin to run until that was done. Furthermore, contrary to petitioner's contention, we conclude that CPLR 2103 (b) applies to the order of the Hearing Examiner. Pursuant to CPLR 2103 (b), "papers to be served upon a party * * * shall be served upon the party's attorney," unless otherwise prescribed by law or order of the court. Although Family Court Act § 439 (e) requires that an order of a Hearing Examiner be "transmitted to the parties," "the 'method of procedure' is not prescribed by the Family Court Act" (*Matter of Masse v Masse*, 273 AD2d 928, 929), including to whom the order should be transmitted in the event that a party is represented by counsel. We conclude that CPLR 2103 (b) applies where, as here, a party is represented by counsel (*see generally* Family Ct Act § 165 [a]; *Masse,* 273 AD2d at 929). Thus, we conclude that, because respondent's attorney was not served with a copy of the Hearing Examiner's order, the time period in which to file objections never began to run (*see* § 439 [e]).

In any event, reversal is also required on the ground that the record does not establish whether the requisite order with notice of entry was mailed to respondent and, if so, the date on which the order was mailed. Pursuant to Family Court Act § 439 (e), the time period in which to file objections to the Hearing Examiner's order commences with the service or mailing of the order with notice of entry (*see Matter of Geary v Breen,* 210 AD2d 975, 976; *Matter of Canfield v Canfield,* 185 AD2d 611).

Thus, for each of the above reasons, we conclude that petitioner failed to establish that the objections were not timely filed (*see Matter of Ogborn v Hilts,* 262 AD2d 857, 858). Accordingly, we conclude that the order of Family Court should be reversed, the objections of respondent reinstated, and the matter remitted to Family Court, Oneida County, for further proceedings on the objections.

PIGOTT, JR., P.J., HAYES, WISNER and KEHOE, JJ., concur.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed, on the law, without costs, the objections are reinstated and the matter is remitted to Family Court, Oneida County, for further proceedings on the objections.