■ In the Matter of MERLEINE ETUK, Respondent, v LEONARD M. ETUK, Appellant. [751 NYS2d 566] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Amodeo, J.), dated November 9, 2001, which dismissed his

objections to an order of the same court (Winslow, H.E.), dated July 27, 2001, which, after a hearing, dismissed his application for modification of his child support obligation.

Ordered that the order dated November 9, 2001, is reversed, on the law, without costs or disbursements, the objections are reinstated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings on the objections.

The father served his objections to an order of a Hearing Examiner on the attorney who represented the mother in proceedings before the Hearing Examiner, but did not directly serve the mother herself. The Family Court dismissed the father's objections for failure to serve them on the "opposing party" (*see* Family Ct Act § 439 [e]). Since there is no provision in Family Court Act § 439 (e) addressing the issue of whether service on the attorney of a represented party will or will not constitute service on the "opposing party," the provisions of the Civil Practice Law and Rules come into play (*see* Family Ct Act § 165 [a]; *Matter of Masse v Masse,* 273 AD2d 928, 929).

Pursuant to CPLR 2103 (b), "papers to be served upon a party"—this includes an "opposing party" described in Family Court Act § 439 (e)—"*shall* be served upon the party's attorney" (emphasis added). Separate procedures exist for serving a party who has not appeared by counsel (*see* CPLR 2103 [c]). Furthermore, CPLR 321 (a) gives a natural person the option of appearing by an attorney or in person. Once the choice is made, any change of attorney, withdrawal or death, removal, or disability of the attorney is governed by CPLR 321 (b) and (c). Until then, a represented party "may not act in person * * * except by consent of the court" (CPLR 321 [a]), an exception not applicable in this case.

CPLR 2103 (b) requires service on the attorney for a party "[e]xcept where otherwise prescribed by law or order of [the] court." An example of such a prescription is furnished by CPLR 2303 (a) mandating service of subpoenas in the same manner as service of a summons. By contrast, the reference to service on an "opposing party" in Family Court Act § 439 (e) contains no overriding directive concerning the manner of such service. Family Court Act § 439 (e), therefore, is perfectly complementary to CPLR 2103 (b), and we conclude that the CPLR provision for service on an opposing party represented by counsel requires service on the attorney, not the party (*see Matter of Oneida County Dept. of Social Servs. [Hurd] v Hurd,* 295 AD2d 70).

The cases on which the mother relies to vindicate the dismissal of the father's objections are inapposite because they all

fault the objecting party for failing to file proof of service of the objections as required by Family Court Act § 439 (e) (*see Matter of Mayeri v Mayeri,* 279 AD2d 473, 474; *Matter of Rinaldi v Rinaldi,* 239 AD2d 506, 507; *Matter of Star v Frazer,* 232 AD2d 570, 571; *Matter of Fokine v Prisciantelli,* 208 AD2d 534). By contrast, the mother never argued that the father failed to file proof of service. Proof of service appears in the record and from this it can be inferred that proof of service was filed. Moreover, the Family Court did not dismiss the objections for failure to file proof of service. Instead, the Family Court dismissed the objections for failure to serve the mother rather than her attorney. This was error because she was still represented by counsel who had not withdrawn in conformity with the procedures of CPLR 321 (b) (2).

Accordingly, we reverse the order dismissing the objections and remit the matter to the Family Court, Dutchess County, for consideration on the merits. Florio, J.P., Friedmann, Adams and Crane, JJ., concur.