■ In the Matter of EDWARD CHAMBERS, Appellant, v CATHY A. CHAMBERS, Respondent. [760 NYS2d 212] —In a proceeding pursuant to Family Court Act article 4, the petitioner husband appeals (1) from an order of the Family Court, Kings County (Elkins, J.), dated June 4, 2001, which referred the wife's objection to so much of an order of the same court (Castaldi, H.E.), dated December 15, 2000, as granted that branch of the husband's petition which was to terminate his maintenance obligation as of May 1999, to the Supreme Court, Kings County, for determination, and (2), by permission, from an order of the same court, dated August 9, 2001, which, sua sponte, in effect, upon determining that the Family Court lacked subject matter jurisdiction, modified its prior order dated June 4, 2001, and remitted the matter to the Hearing Examiner to dismiss the petition without prejudice to the husband seeking relief in the Supreme Court.

Ordered that the appeal from the order dated June 4, 2001, is dismissed, without costs or disbursements, as that order was superseded by the order dated August 9, 2001; and it is further,

Ordered that the order dated August 9, 2001, is reversed, on the law, without costs or disbursements, the order dated June 4, 2001, is vacated, and the wife's objection to so much of the Hearing Examiner's order dated December 15, 2000, as granted that branch of the husband's petition which was to terminate his maintenance obligation is dismissed.

The husband sought to terminate his maintenance obligation pursuant to the oral stipulation incorporated but not merged in the parties' judgment of divorce, which provided, inter alia, that maintenance would terminate upon the sale of the marital residence. The marital residence was sold in a foreclosure sale in May 1999. After a hearing, the Hearing Examiner rejected the wife's claim that the husband should be responsible for continued maintenance payments because the sale of the marital premises was not voluntary on her part. The Hearing Examiner terminated the husband's maintenance obligation as of May 1999. More than 35 days after the mailing of the Hearing Examiner's order, the wife purported to file written objection thereto, but failed to file proof of service of a copy of the objection on the husband.

We agree with the husband's contention that the Family Court erred in determining that it lacked subject matter jurisdiction over this matter and in remitting it to the Hearing Examiner for dismissal. Where, as here, the issue of support has been expressly referred to the Family Court in the divorce

judgment, that court is empowered to decide matters related to the sale of the marital premises, if they are directly pertinent to the issue of support (*see Matter of Collins v Carella,* 251 AD2d 850, 851 [1998]). Accordingly, the Hearing Examiner properly ruled on the maintenance obligation even though the condition precedent for terminating maintenance involved the involuntary sale of real property.

Since the Family Court had jurisdiction over this matter, the wife's objection should have been dismissed because it was not timely filed, and she failed to file proof of service of her objection on the husband (*see* Family Ct Act § 439 [e]; *Matter of Mayeri v Mayeri,* 279 AD2d 473 [2001]; *Matter of Rinaldi v Rinaldi,* 239 AD2d 506 [1997]). Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.