Matter of Ralph S. v Laura S. (2004 NY Slip Op 50414(U))

[*1]

Matter of Ralph S. v Laura S.

2004 NY Slip Op 50414(U)

Decided on May 10, 2004

Family Court, Orange County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2004

Family Court, Orange County,
In the Matter of Ralph S., Petitioner,
against
Laura S., Respondent.
Docket No. F65570702K

Darryl J. Dreyer, Esq., Silver, Forrester, Schisano Lesser & Dreyer, 3250 Route 9W, New Windsor, New York 12553, Attorney for Petitioner. Howard A. Fields, Esq., Assistant County Attorney, Orange County Courthouse, 285 Main Street, Law Department, Goshen, New York 10924, Attorney for Respondent

Carol S. Klein, J.
A petition was filed with this Court on December 4, 2002 by Petitioner seeking an order modifying a prior order of support. The matter came on before a Support Magistrate on May 7, 2003 at which time, the Court entered a decision and Order dated June 25, 2003. Among other things, the Court denied the relief sought in Mr. S. petition based upon his incarceration for willful non-payment of child support. The Court cites to Knight v. Knight 71 N.Y.2d 865 (1988).
The Order of the Support Magistrate was dated June 25, 2003 and mailed on that same date. On October 6, 2003, Mr. S. filed written objections with this Court along with an affidavit showing service upon Ms. S. on October 3, 2003.
By decision and order of this Court dated February 9, 2004, those objections were dismissed as untimely. By motion dated March 8, 2004, Petitioner seeks re-argument or renewal of those objections. Petitioner asserts that proper service of the underlying Support Magistrate's order was not done, therefore his time to object did not begin to run in accordance with Fam. Ct. Act §439(e). Petitioner argues that the Support Magistrate's order was not served upon Petitioner, but rather, the order was deposited into a filing cabinet maintained in the Attorney's waiting area in the Family Court Courthouse area. Alternatively, the Order would have been delivered via interoffice courier employed by the County. Arguably delivery of such Order was not done in accordance with Family Court Act §439(3) which requires that
"Specific written objections to such order may be filed by either party
with the Court within thirty days after receipt of the order in Court or by
personal service, or if the objecting party or parties did not receive the order
in court or by personal service, thirty-five days after mailing of the order
to such party or parties"
The record in this case, does not reflect that service directly upon Mr. S. was made, but that the Order of the Support Magistrate was mailed to "Support Collection Unit" (no address reflected) "Laura S., 34 Lander Street #1, Newburgh, NY 12550", and "Anne Hunter, Esq., Legal Aid Society" (no address reflected) on June 25, 2003.
The issue here is whether service upon "Anne Hunter Esq., Legal Aid Society" conforms to proper service requirement as set forth under the Family Court Act, and CPLR 2103. The record does not indicate what method was used to mail the Order to Legal Aid. The only notation upon which this Court can rely is the Clerk's handwritten date filled in on a printed form indicating "order mailed on June 25, 2003 to: Anne Hunter, Esq., Legal Aid Society." (See, Fam. [*2]Ct. Act §217 (4)).
In Etuk v. Etuk, 300 A.D.2d 483, 751 N.Y.S.2d 566 (2d Dep't 2002), the father served his objections on the attorney who appeared for the mother before the support magistrate, but did not serve them on the mother herself. The Family Court held that the father's failure to serve the objections on the "opposing party" directly rendered the Court without jurisdiction to entertain them. The Appellate Division reversed. It reasoned that, since N.Y. Fam. Ct. Act § 439(e) does not address the issue whether service on the attorney of a represented party constitutes service on the "opposing party," the provisions of the Civil Practice Law and Rules come into play. See Fam. Ct. Act § 165(a). Pursuant to N.Y. C.P.L.R. §2103(b), "papers to be served upon a party"this includes an "opposing party" described in N.Y. Fam. Ct. Act § 439(e)"shall be served upon the party's attorney". Separate procedures exist for serving a party who has not appeared by counsel (see, N.Y. C.P.L.R. §2103(c)). Furthermore, N.Y. C.P.L.R. §321(a) gives a natural person the option of appearing by an attorney or in person. Once the choice is made, any change of attorney, withdrawal or death, removal, or disability of the attorney is governed by N.Y. C.P.L.R. §321(b) and (c). Until then, a represented party "may not act in person ... except by consent of the court" (N.Y. C.P.L.R. §321(a)), an exception not applicable in the Etuk case.
 As the Appellate Division noted, N.Y. C.P.L.R. 2103(b) requires service on the attorney for a party "[e]xcept where otherwise prescribed by law or order of the court." An example of such a prescription is furnished by N.Y. C.P.L.R. 2303(a) mandating service of subpoenas in the same manner as service of a summons. By contrast, the reference to service on an "opposing party" in N.Y. Fam. Ct. Act § 439(e) contains no overriding directive concerning the manner of such service. N.Y. Fam. Ct. Act § 439(e), therefore, is perfectly complementary to N.Y. C.P.L.R. §2103(b). Accordingly, the Appellate Division concluded that the C.P.L.R. provision for service on an opposing party represented by counsel requires service on the attorney, not the party. Here, it appears service of the objections was made upon an attorney within the agency who had appeared for Mr. S., whose appearance had never been withdrawn. It should be noted that, where an attorney has appeared for a party, that party's time to interpose objections does not commence to run until that party's attorney has been served with the objections. Oneida County Dept. Of Social Services v. Hurd, 295 A.D.2d 70, 743 N.Y.S.2d 758 (4th Dep't 2002).
However, there is no indication of the method by which such service took. The question becomes does the deposit of an order into a folder in a filing cabinet open directly to the public meet the definition of a mailing through the use of the United States Postal Service? Or does the delivery of the order to a location for a County employee to pick up and deliver in an "inter-office" method meet the definition of a mailing? Arguably, the former does not meet the standard, but perhaps the latter does. Nevertheless, the Court need not reach that issue as the actual method of delivery to the Legal Aid Society, Inc., is not known to this Court. Accordingly, the Court is granting the Petitioner's application to reargue the prior objections and shall review on their merits.
The Court has reviewed the objections, the contents of the file and listened to the tape recording of the proceedings held below.
The underlying order at issue in this case pertains to Mr. S. request for a downward modification of child support based upon his loss or reduction of income. The Support Magistrate determined that since Mr. Staple's reduction of income was due to his incarceration, under the law of Knights v. Knights 71 N.Y. 2d 865 (1988) his support will not be reduced. Mr. S. objects to this finding stating that his unemployment was the result of the failure of his business not his incarceration. Upon listening to the tape recording of the proceedings held below, this Court finds the Support Magistrate's decision and Order to be an accurate and correct application of the law to the facts.
Mr. S. own sworn testimony was that he was employed by General Motors up until the time that he was incarcerated. He also testified that he opted to take a buyout package once he returned. His next employment with Nelco resulted in his being laid off. He also operated his own home improvement business but testified that his business went sour when he was featured [*3]in the newspaper for having transferred several thousand dollars out of a customer's bank account. He stated that he was never charged with any wrong doing, however, his credibility in the community was shot after that. Mr. S. indicated that every now and then he gets odd jobs through his home improvement business. When asked what efforts he has made to find work Mr. S. response was basically none. He stated that he went to the unemployment office "because he is a veteran" but indicated that many of the jobs he is sent out to require a driver's license. His license has been suspended for non-payment of child support. As such, he has not secured a full time job from which a pay stub would be issued. On the other hand, Mr. S. does have odd jobs and work from S. Home Improvement.
Mr. S. asked the Support Magistrate to reduce his child support obligation until such time as he found a job. However, he failed to provide any evidence that when he did have money he was making good faith payments of child support. Moreover, he failed to show any evidence of diligent efforts he was making to obtain employment. Courts of this state have interpreted an obligor's responsibility in cases such as these with varying degrees of strictness. For example, in Knights v. Knights, id., a Court of Appeals case, the Court held that when the obligor's financial difficulties are the result of his or her intentional conduct, a downward modification is not warranted. In Austein-Gillman v. Gillman, 292 A.D. 2d (2d Dep't 2002), the Court refused the father's application for a downward modification where his financial deterioration was caused by his own actions and decision. He further failed to establish due diligence in trying to find another job. Even where the loss of employment was through no fault of the obligor's in Heverin v. Sackel, 239 A.D. 2d 418 (2d Dep't 2002), the Supreme Court, Appellate Division held that the father failed to show he had used his best efforts to obtain a new position. (See also, Musumeci v. Musumeci, 295 A.D. 2d 516 (2d Dep't 2002)). Even one unemployed father's job search diary was insufficient to establish he had conducted a diligent search for employment. (O'Brien v. McCann, 249 A.D. 2d 92 (1st Dep't 1998)).
In the instant case, this Court is completely unconvinced that Mr. S.' reduction in income is caused by anything more than his own bad actions and decisions. Accordingly this Court finds no error in the Support Magistrate's decision to deny a downward modification at this time.
Now therefore, it is hereby
ORDERED, that Petitioner's motion to reargue is granted, and it is further
ORDERED, that Petitioner's objections are denied in their entirety for the reasons set forth herein.
This constitutes the decision and order of this Court.
Dated:May 10, 2004
 E N T E R
Hon. Carol S. Klein, JFC
Decision Date: May 10, 2004