■ In the Matter of ALVIN NEU, Appellant, v MARCIA DAVIDOWITZ, Respondent. (Proceeding No. 1.) In the Matter of MARCIA DAVIDOWITZ, Respondent, v ALVIN NEU, Appellant. (Proceeding No. 2.) [813 NYS2d 440]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Davidson, J.), entered May 10, 2005, which dismissed his objections to three orders of same court (Kava, S.M.), all entered February 18, 2005, which, after a hearing, inter alia, (a) awarded the mother a money judgment for child support arrears in the sum of $6,809.50, (b) directed the entry of a judgment against him in the sum of $6,809.50, and (c) denied his petition for downward modification of his child support obligation.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are reinstated, and the matter is remitted to the Family Court, Westchester County, for a new determination consistent herewith.

The Support Magistrate conducted a hearing on the mother's

petition alleging a violation of an order of support dated March 17, 2004, and the father's petition requesting a downward modification of support and issued three orders, each dated February 16, 2005, disposing of those proceedings. The Support Magistrate's orders were entered on February 18, 2005 in the office of the Clerk of the Family Court. The father served his objections to the Support Magistrate's orders upon the mother by mail on March 24, 2005 and mailed the objections to the Clerk of the Family Court on the same day. The objections were filed on March 28, 2005.

The Family Court dismissed the father's objections to the orders on the ground that they were not filed in a timely manner, relying on the 35-day time limit provided for in Family Court Act § 439 (e), which applies when the orders are mailed to the parties (see Matter of Chambers v Chambers, 305 AD2d 672, 673 [2003]). Nothing in the record or the order of the Family Court entered May 10, 2005, from which this appeal is taken, reflects the date that the Support Magistrate's orders were mailed. The Family Court expressly used the entry date—February 18, 2005—as the starting point for calculation of the 35-day period which, in this case, resulted in the service of the objections being timely (within the 35 days), but the filing on March 28, 2005 (which was a Monday) being untimely. It is not discernable whether the February 18, 2005 entry date of the Support Magistrate's orders was the mailing date. Under such circumstances, the order of the Family Court must be reversed and the matter remitted to the Family Court for a new determination as to the timeliness of the filing of the father's objections and, if timely, the merits of his objections (cf. Matter of Ogborn v Hilts, 262 AD2d 857, 858 [1999]). Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.