■ In the Matter of LIZETTE BURKE, Also Known as LIZETTE MALDONADO BURKE, Also Known as LIZETTE MALDONADO, Appellant, v TIMOTHY BURKE, Respondent. (Proceeding No. 1.) In the Matter of TIMOTHY BURKE, Petitioner, v LIZETTE MALDONADO BURKE, Respondent. (Proceeding No. 2.) [844 NYS2d 715]—

In related child support proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Eisman, J.), dated December 8, 2006, which denied, as untimely, her objections to an order of the same court (Watson, S.M.) dated September 25, 2006, which, af-

ter a hearing, inter alia, vacated a prior order of support of the same court (Watson, S.M.) dated January 27, 2006, directing the father to pay her the sum of $667.22 per month in child support, and instead directed her to pay the father the sum of $463.13 per month in child support and the sum of $3,241.91, representing child support arrears.

Ordered that the order is reversed, on the law, without costs or disbursements, the objections are reinstated, and the matter is remitted to the Family Court, Nassau County, for a new determination based upon consideration of the objections on the merits.

In this case, the Support Magistrate's order was mailed to the appellant on September 25, 2006. Pursuant to Family Court Act § 439 (e), the appellant was required to file her objections to the Support Magistrate's order within 35 days after the mailing of the Support Magistrate's order to her (see Matter of Hodges v Hodges, 40 AD3d 639 [2007]; Matter of Neu v Davidowitz, 27 AD3d 473, 474 [2006]). Her objections were deemed "filed" when they were received and "date-stamped" by the clerk of the Family Court (see CPLR 304, 2102; Matter of Grant v Senkowski, 95 NY2d 605, 609 [2001]; Edith Bolte Kutz Trust v Atlantic Coast Constr., LLC, 32 AD3d 377 [2006]; Peace v Yumin Zhang, 15 AD3d 956, 957-958 [2005]).

The Family Court's computer records of the filing date and date stamp on the copy of the appellant's objections filed with the Family Court state that her objections were filed on October 25, 2006, which is within 35 days of the mailing on September 25, 2006. The order appealed from improperly denied those objections on the ground that they were untimely filed. Accordingly, the Family Court should have considered the objections on the merits. Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.