■ In the Matter of SANDRA SIMPSON, Respondent, v YVES GELIN, Appellant. [850 NYS2d 913]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Westchester County (Jordan, S.M.), dated March 20, 2007, which, after a hearing, inter alia, directed him to pay child support in the biweekly sum of $398, and (2) an order of the same court (Morales-Horowitz, J.), entered April 27, 2007, which denied his objections to the order dated March 20, 2007.

Ordered that the appeal from the order dated March 20, 2007 is dismissed, without costs or disbursements, as that order was superseded by the order entered April 27, 2007; and it is further,

Ordered that the order entered April 27, 2007 is affirmed, without costs or disbursements.

The issues raised by the father on this appeal are not reviewable by this Court (see Matter of Suffolk County Commr. of Social Servs. [Roman] v Carnegie, 12 AD3d 683 [2004]; Matter of Rinaldi v Rinaldi, 239 AD2d 506 [1997]). Family Court Act § 439 (e) provides, in pertinent part, that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal." As the Family Court noted, the purported affidavit of service filed by the father did not identify the person who allegedly served the mother with the objections. Further, the form affidavit was not signed and notarized, as required. This was tantamount to a complete failure to file any proof of service. "By failing to file proof of service of a copy of his objections on the mother, the father failed to fulfill a condition precedent to filing timely written objections to the Support Magistrate's order" (Matter of Chukwuogo v Chukwuogo, 46 AD3d 558 [2007]; see Matter of Suffolk County Commr. of Social Servs.

*[Roman] v Carnegie*, 12 AD3d 683 [2004]; *Matter of Chambers v Chambers*, 305 AD2d 672, 673 [2003]). We note that the Family Court observed that it did not receive a rebuttal on the mother's behalf. Consequently, the father waived his right to appellate review of the objections (*see Matter of Rinaldi v Rinaldi*, 239 AD2d 506 [1997]; *Matter of Star v Frazer*, 232 AD2d 570 [1996]). Spolzino, J.P., Florio, Miller and Dickerson, JJ., concur.