■ In the Matter of CHRISTOPHER W. ROODE, Appellant, v LISA SECKLER-ROODE, Respondent. [911 NYS2d 455]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated November 9, 2009, which denied his objections to an order of the same court (Buse, S.M.), dated September 24, 2009, which, upon treating his letter dated June 29, 2009, as objections to a cost-of-living adjustment order dated March 21, 2009, and after a hearing, found that his objections were untimely, and denied his objections with prejudice.

Ordered that the order dated November 9, 2009, is affirmed, without costs or disbursements.

In the parties' judgment of divorce dated May 5, 2005, the father's weekly support obligation was set at $235.72. Upon the mother's application, the Suffolk County Support Collections Unit (hereinafter the SCU) issued a cost-of-living adjustment (hereinafter COLA) order dated March 21, 2009, that increased the father's weekly support obligation to $267. More than three months later, by letter dated June 29, 2009, the father raised objections to the COLA order, explaining that, although he had received a notice from the SCU in February 2009 of the availability of a COLA to his child support obligation, he never received a copy of the COLA order dated March 21, 2009.

After a hearing to determine the timeliness of the father's

objections, the Support Magistrate, in an order dated September 24, 2009, denied the father's objections with prejudice as untimely, finding that the father offered no credible evidence to rebut the proper mailing by the SCU to him of the instructions for filing objections and the COLA order. The father then filed objections with the Family Court, which denied his objections. We affirm.

Either party or the SCU may challenge a proposed COLA order by submitting a written objection (*see Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003]; Family Ct Act § 413-a [3] [a]). Specifically, pursuant to the plain language of Family Court Act § 413-a (3) (a): "An objection to a cost of living adjustment, as reflected in an adjusted order issued by a support collection unit, may be made to the court by either party to the order, or by the support collection unit, and *shall be* submitted to the court in writing within thirty-five days from the date of mailing of the adjusted order. A copy of the written objection *shall be* provided by the objecting party to the other party and to the support collection unit" (emphasis added). This statutory language is analogous to the 35-day mailing time limitation period set forth in Family Court Act § 439 (e), under which written objections to orders of support magistrates have been denied on the ground that the objections were untimely filed (*see Matter of Bodouva v Bodouva*, 53 AD3d 483, 484 [2008]; *Matter of Burke v Burke*, 45 AD3d 591, 592 [2007]; *Matter of Hodges v Hodges*, 40 AD3d 639 [2007]; *Matter of Neu v Davidowitz*, 27 AD3d 473, 474 [2006]).

Applying these principles to the instant matter, the Family Court properly denied the father's objections to the COLA order as untimely (*see* Family Ct Act § 413-a [3] [a]; *Matter of Hodges v Hodges*, 40 AD3d at 639; *Matter of Pedone v Corpes*, 24 AD3d 559, 559-560 [2005]). We accord deference to credibility determinations (*see Matter of Holbert v Rifanburg*, 39 AD3d 902 [2007]) and, under the facts of this case, we find no basis to disturb the Family Court's determination that the father received the COLA order, but failed to timely object until almost 60 days after the 35-day statutory limitation period expired. The father admitted that he had previously received the notice of the COLA instructions at his residence, one month prior to the date of the COLA order. In addition, the father failed to provide proof of mailing of his COLA objections "to the other party[, the mother,] and to the support collection unit" as required by Family Court Act § 413-a (3) (a) (*cf. Matter of Simpson v Gelin*, 48 AD3d 693 [2008]; *Matter of Suffolk County Commr. of Social Servs. [Roman] v Carnegie*, 12 AD3d 683

[2004]; *Matter of Lane v Lane,* 8 AD3d 486 [2004]), which created a separate basis for denial of his objections.

The father's remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Hall, JJ., concur.