In related child support proceedings pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Singer, J.), dated March 13, 2012, which denied, as untimely, (a) her objections to an order of the same court (Cahn, S.M.), dated November 14, 2011, which, after a hearing, found that the father was not in willful violation of a support order dated September 18, 2009, (b) her objections to an order of the same court (Cahn, S.M.), also dated November 14, 2011, which granted her petition to modify the order of support dated September 18, 2009, only to the extent of directing the father to contribute 29% of the reasonable child care expenses, and (c) her objections to an order of the same court (Cahn, S.M.), dated November 15, 2011, which granted the father’s motion for a downward modification of his monthly child support obligations from $1,900 to $313, plus 29% of unreimbursed health care expenses.
Ordered that the order dated March 13, 2012, is affirmed, without costs or disbursements.
Objections to an order of a Support Magistrate must be filed within 35 days of the date on which the order is mailed to the objecting party (see Family Ct Act § 439 [e]; Matter of Bruckstein v Bruckstein, 78 AD3d 694, 694 [2010]; Matter of Bodouva v Bodouva, 53 AD3d 483, 484 [2008]; Matter of Burke v Burke, 45 AD3d 591, 592 [2007]; Matter of Hodges v Hodges, 40 AD3d 639, 639 [2007]). Here, it is undisputed that the mother filed her written objections to the Support Magistrate’s orders more than 35 days after they were mailed to her. The mother’s contention that the objections were not untimely because the orders had been mailed to her attorney rather than to her is without merit (see Matter of Etuk v Etuk, 300 AD2d 483, 484 [2002]).
The mother’s remaining contentions regarding the timing of the filing of the objections are without merit.
Accordingly, the Family Court properly denied the mother’s objections as untimely (see Matter of Bruckstein v Bruckstein, 78 AD3d at 694; Matter of Bodouva v Bodouva, 53 AD3d at 484; *739 Matter of Burke v Burke, 45 AD3d at 592; Matter of Hodges v Hodges, 40 AD3d at 639).
We decline the mother’s request that we exercise our power pursuant to CPLR 5019 (a) to correct mistakes, defects, or irregularities so as to modify the Support Magistrate’s order relating to child care expenses (see Kiker v Nassau County, 85 NY2d 879, 881 [1995]; Chmelovsky v Country Club Homes, Inc., 111 AD3d 874, 874-875 [2013]; Mount Sinai Hosp. v Country Wide Ins. Co., 81 AD3d 700, 701 [2011]; Matter of Owens v Stuart, 292 AD2d 677 [2002]).
Dillon, J.R, Chambers, Austin and Duffy, JJ., concur.