■ In the Matter of GANIYU ADEBOLA ODUNBAKU, Respondent, v DIANA ODUNBAKU, Appellant. (Proceeding No. 1.) In the Matter of DIANA ODUNBAKU, Appellant, v GANIYU ADEBOLA ODUNBAKU, Respondent. (Proceeding No. 2.) [14 NYS3d 903]—

Appeals from (1) findings of fact of the Family Court, Richmond County (Gregory L. Gliedman, S.M.), dated July 23, 2013, (2) findings of fact of that court, also dated July 23, 2013, (3) an order of that court dated July 24, 2013, (4) an order of that court, also dated July 24, 2013, (5) an order of that court (Arnold Lim, J.) dated November 8, 2013, and (6) an order of that court dated March 11, 2014. The two findings of fact dated July 23, 2013, after a hearing, found that the father demonstrated a sufficient change of circumstances to warrant a downward modification of his child support obligation and that

his basic child support obligation should be $25 per month, and that, in light of the downward modification, the father did not violate a prior order of support dated March 10, 2008. The first order dated July 24, 2013, granted the father's petition for a downward modification of his support obligation, set his basic child support obligation at $25 per month, and capped the arrears at $500. The second order dated July 24, 2013, dismissed, without prejudice, the mother's petition alleging a violation of the prior order of support dated March 10, 2008. The order dated November 8, 2013, denied, as untimely, the mother's objections, in effect, to the findings of fact and orders of the Support Magistrate, and confirmed and continued the orders. The order dated March 11, 2014, insofar as appealed from, upon, in effect, granting reargument, adhered to the Family Court's prior determination denying, as untimely, the mother's objections to the findings of fact and orders of the Support Magistrate, and confirming and continuing the orders.

Ordered that the appeals from the findings of fact, both dated July 23, 2013, are dismissed, without costs or disbursements; and it is further,

Ordered that the appeals from the two orders dated July 24, 2013, are dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated November 8, 2013, is dismissed, without costs or disbursements, as that order was superseded by the order dated March 11, 2014, made, in effect, upon reargument; and it is further,

Ordered that the order dated March 11, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The appeals from the Support Magistrate's findings of fact, both dated July 23, 2013, must be dismissed, as findings of fact are not independently appealable (see Baez v First Liberty Ins. Corp., 95 AD3d 1250 [2012]; Soehngen v Soehngen, 58 AD3d 829 [2009]; Higgins v Higgins, 50 AD3d 852 [2008]).

The appeals from the Support Magistrate's two orders dated July 24, 2013, must also be dismissed. The issues raised by the mother on those appeals are not reviewable, as her objections to those orders were denied as untimely by the Family Court (see Matter of Stodolski v Cotroneo, 84 AD3d 1251 [2011]).

Although the order dated March 11, 2014, purported to deny the mother's motion for leave to reargue, it reviewed the merits of the mother's arguments and, therefore, it is clear that the Family Court, in effect, granted reargument and adhered to its prior determination (see Rivera v Glen Oaks Vil. Owners, Inc.,

29 AD3d 560 [2006]; *McNeil v Dixon*, 9 AD3d 481 [2004]; *McNamara v Rockland County Patrolmen's Benevolent Assn.*, 302 AD2d 435 [2003]). The order made upon reargument is appealable (*see Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560 [2006]).

In child support proceedings pursuant to Family Court Act article 4, objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party (*see* Family Ct Act § 439 [e]; *Matter of Babb v Darnley*, 123 AD3d 1028, 1029 [2014]; *Matter of Heuser v Chavez*, 117 AD3d 738, 738 [2014]; *Matter of Xiao-Lan Ma v Washington*, 112 AD3d 957, 957-958 [2013]; *Matter of Bodouva v Bodouva*, 53 AD3d 483, 484 [2008]; *Matter of Hodges v Hodges*, 40 AD3d 639, 639 [2007]). Here, contrary to the mother's contention, the Clerk of the Court was not required to mail copies of the findings of fact and orders of the Support Magistrate to her attorney (*see* Family Ct Act § 439 [e]). Where, as here, the method of procedure in a proceeding in which the Family Court has jurisdiction is not prescribed by the Family Court Act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference (*see* Family Ct Act § 165 [a]). Since there is no provision in Family Court Act § 439 (e) that addresses the issue of whether the Clerk of the Court is mandated to mail copies of the findings of fact and orders of the Support Magistrate to a party's counsel when the party is represented, the procedure shall be in accord with 22 NYCRR 205.36 (b), which provides, in relevant part, that at the time of the entry of an order of support, the Clerk of the Court "shall cause a copy of the findings of fact and order of support to be served either in person or by mail upon the parties to the proceeding or their attorneys."

Here, the findings of fact and orders of the Support Magistrate were mailed to the mother on July 24, 2013, but her objections were not filed until 41 days later, i.e., on September 3, 2013. Accordingly, the Family Court, upon reargument, properly adhered to its prior determination denying the mother's objections as untimely (*see Matter of Babb v Darnley*, 123 AD3d at 1029; *Matter of Heuser v Chavez*, 117 AD3d at 738; *Matter of Xiao-Lan Ma v Washington*, 112 AD3d at 957-958; *Matter of Bodouva v Bodouva*, 53 AD3d at 484; *Matter of Hodges v Hodges*, 40 AD3d at 639). Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.