Matter of Laczko v Szoca (2021 NY Slip Op 00564)





Matter of Laczko v Szoca


2021 NY Slip Op 00564


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-11440
 (Docket No. F-13190-15/19B)

[*1]In the Matter of Laszlo Laczko, appellant,
v
Erika Szoca, respondent.


Laszlo Laczko, Forest Hills, NY, appellant pro se.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Amy McCamphill of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the petitioner appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated September 16, 2019. The order denied the petitioner's objection to an order of the same court (Katerina Contaratos, S.M.) dated May 7, 2019, dismissing as untimely his petition to vacate the registration of a foreign support order.
ORDERED that the order dated September 16, 2019, is affirmed, without costs or disbursements.
In 2019, the petitioner, Laszlo Laczko, filed a petition in the Family Court, Queens County, to vacate the registration of an order of support from a Hungarian court which had been registered by the respondent in the Family Court in 2015 pursuant to the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance (hereinafter the Convention). In an order dated May 7, 2019 (hereinafter the May 2019 order), the Support Magistrate, after a hearing, dismissed the petition as untimely. Thereafter, the petitioner filed an objection to the May 2019 order. In an order dated September 16, 2019, the Family Court denied the objection on the grounds that the petitioner had not served his objection on the respondent's counsel and that, in any event, the May 2019 order had properly dismissed the petition as untimely. The petitioner appeals.
The Family Court properly denied the petitioner's objection to the May 2019 order. "A party contesting a registered Convention support order shall file a contest not later than thirty days after notice of the registration, but if the contesting party does not reside in the United States, the contest must be filed not later than sixty days after notice of the registration" (Family Ct Act § 580-707[b]). "If the nonregistering party fails to contest the registered Convention support order by the time specified . . . the order is enforceable" (Family Ct Act § 580-707[c]; see Matter of Barclay v Hutchinson, 129 AD3d 953, 953).
Pursuant to Family Court Act article 5-B, "a foreign support order may be registered in this state by sending" certain enumerated "records to the appropriate tribunal in this state" (Family Ct Act § 580-602[a]; see Family Ct Act § 580-706[a]). "On receipt of a request for registration, the registering tribunal shall cause the order to be filed as an order of a tribunal of another state or a foreign support order, together with one copy of the documents and information, regardless of their [*2]form" (Family Ct Act § 580-602[b]). "The tribunal shall promptly notify the parties of the registration" (Family Ct Act § 580-706[e]).
As the Family Court Act does not specify how the tribunal shall notify the nonregistering party of the registration of the foreign support order (see generally Family Ct Act §§ 580-602, 580-605, 580-706), the provisions of CPLR 2103, governing the service of papers, are applicable (see Family Ct Act § 165[a]; Matter of Masse v Masse, 273 AD2d 928, 929; see also Etuk v Etuk, 300 AD2d 483, 484). Pursuant to CPLR 2103(b)(2), "service by mail shall be complete upon mailing; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period" (see CPLR 2103[c]; Matter of Masse v Masse, 273 AD2d at 929).
Here, the petition to vacate the registration of the Hungarian support order was filed almost four years after the petitioner had been served with the notice of registration. Notably, the petitioner did not dispute that the notice of registration had been sent in 2015 to the address at which he received mail in New York at that time, and as such, there was a rebuttable presumption that he received the notice in 2015 (see Matter of Olivares v Rhea, 119 AD3d 866, 867; see generally CitiMortgage, Inc. v Etienne, 176 AD3d 669, 670). The petitioner's mere denial of receipt was insufficient to rebut the presumption of receipt (see CitiMortgage, Inc. v Etienne, 176 AD3d at 670; Matter of Olivares v Rhea, 119 AD3d at 867). Thus, the Family Court properly denied the petitioner's objection to the May 2019 order, which dismissed as untimely his petition to vacate the registration of the Hungarian order (see Family Ct Act § 580-707[b]).
The petitioner's remaining contentions are without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court