Matter of Marilyn C. v Gregory F. (2023 NY Slip Op 05978)

Matter of Marilyn C. v Gregory F.

2023 NY Slip Op 05978

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ.

F-02948-20 Docket No. F-02948-20 Appeal No. 1070 Case No. 2022-01537 

[*1]In the Matter Marilyn C., Petitioner-Appellant,
v
Gregory F., Respondent-Respondent.

Law Office of Wendy Tso, P.C., New York (Wendy Tso of counsel), for appellant.

Order, Family Court, Bronx County (Jessica I. Bourbon, J.), entered on or about March 10, 2022, which denied petitioner mother's objections to a final order of support, same court (Paul Ryneski, Support Magistrate), entered on or about January 5, 2022, unanimously affirmed, without costs.
Family Court properly denied the mother's objections, as she failed to serve them on respondent father or his attorney of record (CPLR 2103[b]; Family Court Act § 439[e]; see Matter of Etuk v Etuk, 300 AD2d 483, 484 [2d Dept 2002]). Although the mother asserts that she did not serve the father's counsel because he, the father, informed the mother's counsel in January 2022 that he was unrepresented, we reject this assertion as a basis for failure to serve the objections. Counsel's authority as an attorney of record in a civil action continues unabated until a withdrawal, substitution, or discharge is formalized, and the record contains no evidence that the father's counsel filed a consent to change attorney in connection with the support case or that she provided any notice to the court that she was no longer representing the father (CPLR 321[b]; see Farage v Ehrenberg, 124 AD3d 159, 165 [2d Dept 2014], lv denied 25 NY3d 906 [2015]). Thus, the mother was required to serve the objections on the father's attorney of record despite her awareness of a breakdown in the attorney-client relationship.
We also reject mother's assertion that serving the father's counsel would have been fruitless because his counsel, was disbarred in New Jersey. The father's counsel was, in fact, disbarred in New Jersey in October 2021 and was later suspended from the practice of law in New York for one year beginning in June 2022. Nevertheless, there is no evidence that she was not permitted to practice law in New York between the date of her disbarment in New Jersey and the date of her suspension in New York.
We have considered and rejected the mother's remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023