OPINION OF THE COURT
Titone, J.
Petitioner, a noncustodial parent, seeks to reduce his court-ordered child support obligation calculated pursuant to Family Court Act § 413. The question presented is whether Social Security disability benefits paid to the parties’ children on the basis of the noncustodial parent’s disability should be included as income of that parent and credited against his support obligation. We answer that question in the negative and conclude that, under the precise guidelines of Family Court Act § 413, those benefit payments are more properly characterized as resources of the child to be considered in determining whether the support obligation is "unjust or inappropriate” (see, Family Ct Act § 413 [1] [f]).
Petitioner Kenneth Graby and respondent Janet Graby were divorced in May 1990. Pursuant to their divorce decree, which incorporated but did not merge the provisions of an amended separation agreement, custody of the couple’s two children was granted to respondent, and petitioner was directed to pay child support of $400 per week.
On January 24, 1992, respondent filed a petition to enforce the child support payments. Petitioner cross-petitioned for a downward modification based on his loss of employment in August 1991. On September 18, 1992, Family Court granted the cross petition, and reduced petitioner’s child support obligation to $112.50 per week, plus $27.50 per week for arrears.
*608 Just prior to that decision, however, the Social Security Administration notified petitioner that he was eligible for Social Security disability payments of $1,037 per month, retroactive to February 1992. As his dependents, petitioner’s children similarly became entitled to Social Security payments of $518 per month.[1]
In October 1992, petitioner brought this proceeding to modify Family Court’s September order of support based on his total disability. At that time, respondent sought an upward modification of petitioner’s support obligation, based on his increase in income — his monthly receipt of $1,037 in Social Security disability benefits and $1,080 from his pension.
Based on that income, a Hearing Examiner recalculated petitioner’s child support obligation, fixing it at $536.80 per month. Citing Passaro v Passaro (92 AD2d 861), the Hearing Examiner then applied a credit of $518, the amount of Social Security disability payments made to the children, against petitioner’s child support obligation. Family Court vacated the Hearing Examiner’s order. The court concluded that, under the Child Support Standards Act, disability payments to children could only be credited against a child support obligation that is found to be "unjust or inappropriate” (see, Family Ct Act § 413 [1] [f]). Family Court remitted to the Hearing Examiner for a determination of whether, after consideration of the 10 statutory factors enumerated in section 413 (1) (f), petitioner’s child support obligation fixed pursuant to the statutory formula was unjust or inappropriate.
The Appellate Division modified the determination to be made on remittal. Stating that it was adopting the methodology followed in a majority of jurisdictions, the court ruled that the Social Security disability payments to the children should be included in the disabled parent’s income under Family Court Act § 413 (1) (b) (5) and then credited against that parent’s support obligation. The Court concluded that the Social Security payments to the children could be considered again in determining whether the noncustodial parent’s support obligation was unjust or inappropriate. One Justice dissented, concluding that the Child Support Standards Act does not authorize the courts to either increase a noncustodial parent’s income by the amount of Social Security disability payments paid to the children or to credit those benefits against the *609 noncustodial parent’s support obligation. We find merit in the views advanced in that dissent, and now reverse.[2]
The parties agree that the child support guidelines contained in Family Court Act § 413 do not expressly direct the manner in which Social Security disability payments to dependent children should be treated in calculating a parent’s basic child-support obligation. Petitioner argues that because those payments are derived from the disabled noncustodial parent’s prior employment efforts, they should be treated as income to that parent and then credited against his support obligation. The alternative proposed by respondent is to treat those payments as resources of the child that may be considered pursuant to Family Court Act § 413 (1) (f) in determining whether the noncustodial parent’s basic support obligation should be adjusted because it is "unjust or inappropriate.” We conclude that the latter approach fits within the statutory scheme and advances the goals sought to be achieved by the legislation.
Family Court Act § 413 provides the framework for our analysis. The 1989 amendment to section 413, enacted as part of the Child Support Standards Act, was the Legislature’s response to the Federal Government’s mandate that States establish mandatory guidelines for determining child support awards (42 USC §§ 654, 655; see also, Matter of Rose v Moody, 83 NY2d 65, 69). The statute sets forth a standardized formula for computing a basic child support obligation that "is based on parental income” (Bill Jacket, L 1989, ch 567, Governor’s Approval Mem filed with Assembly Bill 2027-A, at 13, reprinted in 1989 NY Legis Ann, at 248 [emphasis added]). A primary goal of the legislation is to establish equitable support awards that provide a "fair and reasonable sum” for the child’s needs within the parents’ means (Family Ct Act § 413 [1] [a]; see also, Matter of Cassano v Cassano, 85 NY2d 649, 652).
Under the statutory guidelines, the first step is to calculate the "combined parental income” (Family Ct Act § 413 [1] [b] [4]; Matter of Cassano v Cassano, 85 NY2d 649, 653, supra). The amount of "income” attributed to each parent is derived by adding gross income, as reported on the most recent Federal *610 tax return, and, to the extent not included as gross income, investment income, imputed income and other "income received” by the parent from eight enumerated sources (id,., § 413 [1] [b] [5]). Those sources include disability benefits, pension benefits and Social Security benefits (id., § 413 [1] [b] [5] [i]-[vi]). While the statute specifically includes Social Security benefits received by the parent as part of his or her income, it does not similarly include Social Security benefits paid to the dependent children in that definition.
A limited number of statutory deductions are also permitted to be taken from the parent’s income before the child support percentage is applied. These generally include specified business deductions, alimony or maintenance payments, child support paid on behalf of other children, public assistance payments, and certain tax payments (id., § 413 [1] [b] [5] [vii] [A]-[H]). This section contains no authorization to deduct Social Security payments received by dependent children from the support obligation.
Once the combined parental income is calculated and appropriate deductions are taken, a child support percentage, based on the number of children to be supported, is applied to the first $80,000 of that combined amount to reach an annual child support responsibility (id., § 413 [1] [c] [2]). That amount is then "ratably apportioned between the two parents” (Matter of Commissioner of Social Servs. [Wandel] v Segarra, 78 NY2d 220, 223), and the noncustodial parent may be directed to pay his or her proportionate share to the custodial parent (Family Ct Act § 413 [1] [f ] [10]). A rebuttable presumption exists that the amount of child support calculated under the statutory guidelines is correct (id., § 413 [1] [a]; 42 USC § 667 [b]). The presumption may be rebutted, and the support obligation adjusted, upon the court’s finding that the noncustodial parent’s support obligation is "unjust or inappropriate” (§ 413 [1] [f]; 42 USC § 667; see also, Matter of Cassano v Cassano, 85 NY2d 649, 653, supra). In making that determination, the court is guided by a list of 10 statutory factors, which include ”[t]he financial resources of the custodial and non-custodial parent, and those of the child,” the child’s physical and emotional health and special needs, "[t]he standard of living the child would have enjoyed had the marriage or household not been dissolved,” and any other factors deemed relevant by the court (see, Family Ct Act § 413 [1] [¶] [1]-[10] [emphasis added]).
Importantly, it is not until this discretionary assessment of the appropriateness of the support obligation that the statute *611 first authorizes the court to consider the financial resources of the child (id., § 413 [1] [¶] [1]). The separate treatment of the children’s financial resources under section 413 (1) (f) indicates that they are distinct from parental income and not intended in any way to be counted within the resources available to satisfy the parent’s child support obligation.
Fundamentally, benefits received by children under certain government welfare programs should not be considered income to the parent for purposes of calculating a parent’s means (see, Sullivan v Stroop, 496 US 478; Head v State, 632 NE2d 749 [Ind App 1994] [Social Security disability payments are not child support]).[3] In fact, in a related context, this Court has already held that a parent’s paramount duty to support minor children is not abrogated by a child’s receipt of public assistance (Matter of Commissioner of Social Servs. [Wandel] v Segarra, 78 NY2d 220, supra; see also, Family Ct Act 415). Like public assistance, Social Security disability dependents’ benefits are an entitlement granted by Congress to children at no purchase cost to the disabled parent (Stulz v Stulz, 659 NE2d 125,127 [Sup Ct Ind 1995]). Social Security payments to dependent children do not reduce the disabled parent’s benefits or in any way increase that parent’s financial burden (see, Matter of Sergi v Sergi, 58 AD2d 692, 693).
Indeed, although a dependent child’s Social Security benefits are derived from the disabled parent’s past employment, they are designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her children. Accordingly, under the present statutory scheme, the Social Security benefits paid to petitioner’s dependents on the basis of his disability are "financial resources” of the children that should be considered by the court after the basic support obligation is calculated and only then pursuant to a section 413 (1) (f) "unjust or inappropriate” determination.
In reaching our conclusion, we disagree with lower court holdings that dependents’ benefits paid by Social Security should be included in the sum representing parental income (see, e.g., Passaro v Passaro, 92 AD2d 861, supra). That sense of *612 direction developed at a time when the predecessor statute required the courts to consider the children’s resources in calculating the basic child support obligation (see, Family Ct Act former § 413 [repealed 1989]; see also, Joachim, v Joachim, 57 AD2d 546, 547).[4]
In many cases, granting the noncustodial parent a credit for Social Security disability benefits earmarked for dependent children might effectively abolish the child support obligation of that parent, who has regular and consistent income, and at the same time disproportionately reduce the resources available to the children. Thus, in addition to running afoul of the statute’s plain terms, that consequence is inconsistent with the underlying premise of the Act that both parents meet their obligation to contribute to the support of their children within their means (Bill Jacket, L 1989, ch 567, Governor’s Approval Mem, op. cit.).
A credit for such Social Security payments also interferes with the goal of protecting children "as much as possible from the overall decline in living standards that results from parents maintaining two households” (Bill Jacket, L 1989, ch 567, Governor’s Program Bill Mem, reprinted in 1989 McKinney’s Session Laws of NY, at 2208; see also, Matter of Cassano v Cassano, 85 NY2d 649, 652, supra). Here, had the marriage not been dissolved, petitioner’s children would have enjoyed a standard of living based on both parents’ income plus the Social Security benefits they received as petitioner’s dependents (see, Stulz v Stulz, 659 NE2d 125, 127 [Sup Ct Ind 1995], supra). In fact, requiring a noncustodial parent to pay a fair and adequate support obligation without such a credit will generally "maximizef] collections * * * [and] reduce the need for some families dependent on child support to apply for public assistance” — an additional goal of the statutory support guidelines (Bill Jacket, L 1989, ch 567, Mem of Dem Study Group, at 17; see also, id,., Budget Report on Bills, at 21). Fundamentally, "the focus [must remain] where it belongs: on the standard of living the parents can provide, rather than the meeting of *613 minimal needs” (Bill Jacket, L 1989, ch 567, Mem of State of New York Commn on Child Support, at 27). Absent such direction by our Legislature in its precise child support guidelines, we decline to reduce the resources ultimately available to children by treating Social Security disability payments to dependents as income of the disabled parent or as a credit against that parent’s support obligation.[5]
Accordingly, the judgment of Family Court and the order of the Appellate Division brought up for review should be reversed, with costs, and the June 1, 1993 order of Family Court reinstated. The certified question need not be answered.
Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
Judgment of Family Court and order of the Appellate Division brought up for review reversed, with costs, and June 1, 1993 order of Family Court, Yates County, reinstated. Certified question not answered upon the ground that the judgment of Family Court from which leave was granted finally determines this proceeding.

. In January 1993, payments to petitioner and his children were increased to $1,068 and $533 per month, respectively.

. The Appellate Division certified the question to this Court whether it "properly determined that social security benefits of a child should be included in the income of a disabled parent under Family Court Act § 413 and should then be deducted from the resulting child support obligation.” Because the Family Court judgment from which leave to appeal to this Court was granted finally determines this proceeding, we do not answer the certified question.

. As the United States Supreme Court has stated, "child support,” a term of art used throughout the Social Security Act, "refers to legally compulsory payments made by parents” (Sullivan v Stroop, 486 US, at 482, supra [emphasis added]). Thus, in Sullivan, the Supreme Court ruled that Social Security insurance benefits paid to children did not constitute "child support” payments affecting a family’s eligibility for AFDC benefits (id, at 481-482).

. Former section 413 (1) of the Family Court Act provided, in relevant part, that in fixing a child support obligation, the court shall consider "(i) the financial resources of the parents and those of the child,-, (ii) the physical and emotional health of the child, and his or her educational or vocational needs and aptitudes; (iii) where practical and relevant, the standard of living the child would have enjoyed had the family remained intact; (iv) where practical and relevant, the tax consequences to the parties; and (v) the non-monetary contributions that the parents will make toward the care and well being of the child [emphasis added].”

. Some States have passed legislation that specifically provides that Social Security disability payments to children are to be credited against the disabled parent’s child support obligation (see, e.g., Cal Fam Code § 4504; Utah Code Ann § 78-45-7.5 [8] [b]).