■ In the Matter of Lisa Mezz, Appellant, v Michael Hitchcock, Respondent. [675 NYS2d 191] —Peters, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered September 26, 1997, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 4, for modification of prior support orders.

The parties' separation agreement was incorporated but not merged into their April 1996 judgment of divorce. By the terms of such agreement and a court order of support dated June 24, 1996, respondent, as the noncustodial parent, was ordered to pay $500 per month toward the support of the parties' three children. On February 20, 1997, petitioner filed a violation petition alleging nonpayment for the months of January 1997 and February 1997.

Respondent filed a cross petition seeking, *inter alia*, a downward modification, contending that subsequent to the execution of their separation agreement derivative Social Security benefits in the amount $594 monthly were awarded and sent to the children. This amount, coupled with the court-ordered $500 monthly garnishment from respondent's Social Security disability benefits, purportedly justified his request. Respondent further contended that a modification was warranted because his time with the children and expenditures for their necessities had greatly increased. Family Court thereafter entered orders suspending the garnishment of respondent's Social Security disability benefits and ordered a fact-finding hearing.

At a hearing, respondent testified to the amount of time that he spent with the children, his expenditures on their behalf and how he was financially strained since his sole source of income was the Social Security disability payments in the amount of $1,146 monthly. Petitioner testified that she never received respondent's child support payments for December 1996 through February 1997 and that the children's disability payments in the amount of $594 first commenced in February 1997.

Upon this testimony, Family Court ordered, *inter alia*, the termination of the prior order of child support, effective Febru-

ary 1, 1997, and concluded that the $594 monthly derivative Social Security disability award should constitute respondent's child support obligation. Upon its calculation of respondent's nonpayment for the months of December 1996 and January 1997 and petitioner's failure to reimburse respondent for dual payments received during April 1997 and May 1997, each were given a credit resulting in a zero amount due to the other. With testimony further elicited concerning respondent's confusion regarding counsel's advice on how the derivative Social Security disability award would impact upon the garnishment of his award, Family Court declined to find a willful violation. Petitioner appeals.

In *Matter of Graby v Graby* (87 NY2d 605), the Court of Appeals squarely addressed the issue of "whether Social Security disability benefits paid to the parties' children on the basis of the noncustodial parent's disability should be included as income of that parent and credited against his support obligation" (*id.*, at 607). Upon its analysis of the underpinnings of Family Court Act § 413, the Court opined that this Congressionally designated entitlement to children was "not intended to displace the obligation of the parent to support his or her children" (*id.*, at 611). Intended to "supplement existing resources" (*id.*, at 611), the income should be viewed as " 'financial resources' of the children that should be considered by the court after the basic support obligation is calculated and only then pursuant to a section 413 (1) (f) 'unjust or inappropriate' determination" (*id.*, at 611).

As Family Court failed to so consider the derivative award after first determining the amount which would have resulted under a strict application of the Child Support Standards Act (*see*, Family Ct Act § 413 [1] [b]) and whether the $500 court-ordered payment of support would be "unjust or inappropriate" (*see*, Family Ct Act § 413 [1] [f]; *see also*, *Matter of Graby v Graby*, *supra*; *Matter of Hollister v Whalen*, 244 AD2d 650), we remit the matter to Family Court.

We find no merit to contentions raised by the parties with respect to misrepresentations allegedly made to the Social Security Administration or the use of the derivative award. We do, however, agree with Family Court's exercise of its discretion in finding that respondent did not willfully violate the prior order of support (*see*, *Matter of Van Demark v Van Demark*, 144 AD2d 862, 863).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as terminated respondent's

child support obligation and held that the $594 monthly payment is the proper amount of child support; matter remitted to the Family Court of Albany County for a determination as to whether the child support obligation is unjust or inappropriate under Family Court Act § 413; and, as so modified, affirmed.