[676 NYS2d 290]

In the Matter of CHRISTINE VROOMAN, Respondent, v DEAN VROOMAN, Appellant.

Third Department, July 16, 1998

APPEARANCES OF COUNSEL

*Sanford N. Finkel,* Troy, for appellant.

*Christine Vrooman,* Albany, respondent *pro se.*

**OPINION OF THE COURT**

CARPINELLO, J.

Petitioner, the custodial parent of the parties' minor son, sought a modification of a prior child support order entered upon consent of the parties in April 1995. Respondent, who receives $37,284 per year in Social Security disability benefits and is sent another $550 per month in dependent benefits on behalf of his son, agreed in the stipulation to, *inter alia,* pay the son's benefits to petitioner for child support. Thereafter, on December 8, 1995 petitioner, who currently earns $20,441 per year, filed a modification petition alleging a change in circumstances because she had lost income from a second job and the parties' son had increased medical and recreational expenses.

Following a hearing, the Hearing Examiner dismissed the petition. Petitioner filed objections and Family Court reversed, making new findings of fact (*see,* Family Ct Act § 439 [e] [ii]), and held that the original stipulation was invalid and, in any event, petitioner had established a sufficient change in circumstances to warrant upward modification of child support. Relying upon the Court of Appeals decision in *Matter of Graby v Graby* (87 NY2d 605), Family Court found that respondent could not utilize his dependent's Social Security income to avoid his child support obligation and that a deviation from the Child Support Standards Act (hereinafter CSSA) was not required; accordingly, the court directed respondent to pay the sum of $244 biweekly plus an additional $56 biweekly for arrears. Respondent now appeals.

Respondent argues that petitioner knowingly waived application of the CSSA as part of the April 1995 stipulation and, since she has not established a sufficient change of circum-

stances, she is bound by the stipulation. "It is well established that a party seeking to modify the child support provisions of a * * * stipulation * * * has the burden of proving that the agreement was unfair or inequitable when entered into or that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met" (*Matter of Cook v Bornhorst*, 230 AD2d 934, 935; *see*, *Matter of Lunman v Lomanto*, 239 AD2d 770; *see also*, Family Ct Act § 461 [b] [ii]). Where a valid stipulation is entered into, a rebuttable presumption exists that the amount of child support therein is the correct amount to be awarded (*see*, Family Ct Act § 413 [1] [h]).

Here, however, we agree with Family Court's ruling that the parties' April 1995 stipulation was unfair and inequitable at its inception. Petitioner was not represented by counsel at the time and she testified that her only substantive discussions as to the correct amount of child support were with respondent's attorney. Given the conclusion that the stipulation is invalid, there is no need to consider whether petitioner also demonstrated a change in circumstances.

In the absence of a valid stipulation, we now consider the appropriateness of the child support order directed by Family Court pursuant to the CSSA* and conclude that Family Court did not abuse its discretion. In *Matter of Graby v Graby* (87 NY2d 605, *supra*) the Court of Appeals, in construing the statutory framework of Family Court Act § 413, noted that a child's dependent benefits were not intended to displace a parent's statutory obligation to support his or her child and cannot be included as part of the noncustodial parent's income when considering the " '[c]ombined parental income' " (Family Ct Act § 413 [1] [b] [4]) as the first step of calculating a support obligation under the CSSA guidelines (*Matter of Graby v Graby, supra*, at 608-609). Once the noncustodial parent's proportionate share of the support obligation is calculated, "[a] rebuttable

---

* We reject respondent's argument that *Matter of Graby v Graby* (87 NY2d 605, *supra*) was improperly considered by Family Court because the decision was issued after the petition for modification was filed in December 1995. Not only did petitioner herself raise the precise issue considered by the *Graby* Court in her petition, but it was clearly *sub judice* after Family Court invalidated the prior order and considered the subject of support de novo. In any event, even assuming arguendo that a retroactivity analysis is required, it does not appear that only prospective application of *Graby* would be required or appropriate (*see generally*, *Gurnee v Aetna Life & Cas. Co.*, 55 NY2d 184, 191; *but see*, *Matter of Kneut v Kneut*, 172 Misc 2d 647).

presumption exists that the amount of child support calculated under the statutory guidelines is correct" (*id.*, at 610). This presumption can only be rebutted by a discretionary determination that the support obligation is "unjust or inappropriate" (Family Ct Act § 413 [1] [f]) and it is only then that the child's dependent benefits can be taken into account as part of the financial resources of the child (*see*, Family Ct Act § 413 [1] [f] [1]; *see also, Matter of Graby v Graby, supra*, at 610-611). Respondent sets forth only specious arguments in support of his conclusory assertion that it was unjust and inappropriate for Family Court to apply the CSSA guidelines without taking into account his son's dependent benefits. Accordingly, we find no reason to disturb this calculation.

Finally, to the extent that respondent attempts to raise on appeal issues that were not raised before Family Court or that occurred subsequent to that court's order, these arguments are more appropriately directed to Family Court and are not properly the subject of appellate review. All remaining arguments raised by respondent and not specifically addressed herein have been examined and found to be unpersuasive.

MIKOLL, J. P., MERCURE, WHITE and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.