Rose, J.
Appeal from an order of the Family Court of Albany County (Duggan, J.), entered August 14, 2002, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior order of child support.
The parties, who were married in 1976, separated in 1997 and divorced in 2001, are the parents of an autistic child who was born in 1993. Their separation agreement, which was incorporated but not merged in the divorce judgment, provided that respondent was to have custody of the child while petitioner was to pay child support in the amount of 17% of his income or $1,449 per month. Soon after the divorce, respondent placed the child in full-time, year-round residential care at public expense, a placement which petitioner had desired and respondent had previously rejected. In response, petitioner filed a petition seeking termination of child support. Despite proof that the child’s room, board and tuition were being paid from public funds, the Hearing Examiner found insufficient evidence of a substantial change in circumstances, dismissed the petition “without prejudice” and Family Court affirmed.
Petitioner then filed a second petition, later amended, asserting that the child’s residence at public expense outside respondent’s home and a nearly 100% increase in respondent’s income warranted modification of child support. The Hearing Examiner held that the second petition sought to relitigate issues that were raised, or could have been raised, in the earlier proceeding. Family Court agreed that res judicata barred the second petition and rejected petitioner’s objections. Petitioner now appeals.
As we find merit in petitioner’s argument that the original dismissal without prejudice precluded the Hearing Examiner and Family Court from dismissing his second petition on res judicata grounds, we reverse. An order of dismissal is entitled to res judicata effect where the circumstances evince that it is on the merits or with prejudice to relitigation of the earlier claim (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Vinci v Northside Partnership, 250 AD2d 965, 965-966 [1998]). However, where the court specifies that the dismissal is without prejudice, res judicata does not preclude assertion of the same claim or issue in a second proceeding (see Parker v Blauvelt Volunteer Fire Co., supra at 349; Miller Mfg. Co. v Zeiler, 45 NY2d 956, 958 [1978]; Brandenberg v Primus Assoc., *835 304 AD2d 694, 695 [2003]; see also Matter of Stacey O. v Donald P., 137 AD2d 965, 965-966 [1988]).
Here, the Hearing Examiner’s first order of dismissal expressly states that the dismissal is without prejudice and this was later confirmed by Family Court. Thus, even if this order collaterally estops petitioner from relitigating whether the child’s placement alone constitutes a substantial change in circumstances (see Parker v Blauvelt Volunteer Fire Co., supra at 349-350), it does not preclude his second petition, which seeks modification rather than termination and cites additional grounds that, when considered in terms of their financial impact on petitioner’s child support obligation, could constitute a substantial change in circumstances.
Accordingly, misapplication of res judicata and the failure to require respondent to make the financial disclosure mandated by Family Ct Act § 424-a, a requirement that cannot be waived (see Family Ct Act § 424-a [a]), require reversal and remittal. Family Court should explicitly assess the child’s financial resources, the financial impact of his residential care upon respondent and respondent’s increased income in determining whether a substantial change has occurred and, if so, calculate any change in petitioner’s pro rata share of combined parental income and an appropriate reduction in child support as a reasoned deviation from the child support guidelines, particularly as to the amount by which petitioner’s income exceeds $80,000 (see Matter of Mezz v Hitchcock, 252 AD2d 633, 634 [1998]).
Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision.