■ In the Matter of Patricia Perez, Respondent, v Mario Villamil, Appellant. [798 NYS2d 481]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Richardson, J.), dated August 31, 2004, as granted certain objections by the mother to an order of the same court (Gartner, S.M.) dated January 13, 2004, terminating an order of support of the same court entered January 2, 1990, as of July 30, 2004, and directed that the support payments continue until the parties' child reaches the age of 21.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Although the father correctly argues that the mother failed to serve his attorney with a copy of her objections to the order dated January 13, 2004 (*see* Family Ct Act § 439 [e]; CPLR 2103 [b]; *Matter of Etuk v Etuk,* 300 AD2d 483 [2002]), the Family Court noted that the father obtained a copy of those objections, and granted him the full statutory 13-day period (*see* Family Ct Act § 439 [e]), to submit his rebuttal. The fact that the father's

attorney was not served with a copy of the mother's objections was an irregularity which the Family Court properly disregarded, as the attorney actually obtained a copy of the objections and no prejudice resulted (*see* CPLR 2001; *Federal Home Loan Mtge. Corp. v Torres*, 238 AD2d 306, 307 [1997]; *see also Patrician Plastic Corp. v Bernadel Realty Corp.*, 25 NY2d 599, 607-608 [1970]). Therefore, the Family Court did not lack jurisdiction to consider the merits of the mother's objections. Prudenti, P.J., Florio, Cozier and Lifson, JJ., concur.