■ In the Matter of ROBERT C. WEYMOUTH, Appellant, v MARY B. MULLIN, Respondent. [839 NYS2d 600]—

Cardona, P.J. Appeal from an amended order of the Family Court of Essex County (Halloran, J.), entered November 22, 2005, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for modification of a prior child support order.

Petitioner, the noncustodial parent of the parties' child (born in 1992), commenced this proceeding seeking a downward modification of his child support obligation after he became disabled and his income was reduced solely to Social Security disability benefits of $1,666 a month. The Support Magistrate, finding a sufficient change in circumstances to warrant modification, reduced petitioner's child support obligation to $283 a month in accordance with the Child Support Standards Act (*see* Family Ct Act § 413). Thereafter, petitioner filed objections and sought a further reduction on the ground that the presumptively correct child support amount was unjust and inappropriate. Family Court denied the objections resulting in this appeal.

Initially, we are unpersuaded by petitioner's contention that the Social Security benefits the child receives due to petitioner's disability should offset his child support obligation. It is well settled that Social Security benefits received by a child are "designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her child[ ]" (*Matter of Graby v Graby*, 87 NY2d 605, 611

[1996]; *see Matter of Vrooman v Vrooman*, 244 AD2d 122, 124 [1998]). Instead, they constitute financial resources of the child (*see Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 788 [2002], *lv dismissed* 100 NY2d 534 [2003]) to be considered only after the presumptively correct amount of basic child support has been calculated and only for the purpose of determining if the amount is unjust or inappropriate (*see* Family Ct Act § 413 [1] [f]; *Matter of Vrooman v Vrooman, supra* at 124-125). In that regard, petitioner contends that his limited Social Security income, his duty to support three other children and the court's failure to consider the child's eligibility for Social Security benefits render the application of the statutory child support guidelines unjust and inappropriate here. Although these are factors to consider in assessing whether the presumptively correct amount of child support is unjust or inappropriate (*see* Family Ct Act § 413 [1] [d], [f] [1], [8]), under the circumstances herein and considering the proof in this record, we find no basis to disturb Family Court's dismissal of petitioner's objections (*see Matter of Vrooman v Vrooman, supra*).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the amended order is affirmed, without costs.