■ In the Matter of Jane C. Nemcek, Appellant, v Brian M. Connors, Respondent. [938 NYS2d 384]—

Lahtinen, J.P.

The parties, who are the parents of one child (born in 1997), divorced in 2002 and respondent (hereinafter the father) was ordered to pay petitioner (hereinafter the mother) $130 per week for child support and $62.50 per week for daycare expenses. In February 2010, the mother commenced this proceeding alleging that the father had failed to make child support payments from July 2002 until February 2008 in willful violation of the prior order and that arrears exceeded $56,000. Following a hearing, the Support Magistrate dismissed the petition finding, among other things, that the mother's inconsistent testimony undermined her credibility and she failed to establish that the father had not made the payments. The mother filed written objections, which Family Court denied. The mother appeals.

We affirm. The mother contends that Family Court erred by denying her objections upon the procedural ground that she did not personally serve the father with the written objections. She argues that she complied with Family Ct Act § 439 (e) because she served his counsel and filed the proof of service with the court. We agree that serving the father's counsel and filing proof of that service with the court is sufficient under Family Ct Act § 439 (e) (*see Matter of Etuk v Etuk*, 300 AD2d 483, 484-485 [2002]). However, Family Court, while noting the fact that the father had not been personally served, went on in its decision to

---

damage caused by other individuals who were with him while he was inside the hotel.

address the merits. It stated that the Support Magistrate's findings were based upon credibility determinations and that it discerned no basis to disturb those determinations. According deference to the Support Magistrate's credibility determinations (*see Matter of Heyn v Burr*, 6 AD3d 781, 782 [2004]; *Matter of Frowein v Murray*, 298 AD2d 647, 648 [2002]), the record supports Family Court's denial of the mother's objections based upon her failure to prove that the father had not made the child support payments. Since Family Court addressed the merits in its decision, we are unpersuaded by the mother's argument that her objections were improperly denied upon a procedural ground.

Next, the mother asserts that it was error to allow the father to testify about making child support payments because he did not assert an affirmative defense and he failed to respond to a disclosure demand that she had served upon him. Initially, we note that the Support Magistrate held that the mother did not meet her initial burden of proving that respondent had failed to make the payments so as to shift the burden to the father (*see generally Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). Further, the Support Magistrate found credible the father's explanation for failing to comply with the disclosure demand and determined that precluding his testimony would be excessive since his lack of disclosure was not willful, deliberate or contumacious (*see Kumar v Kumar*, 63 AD3d 1246, 1248 [2009]). Such a ruling was within the Support Magistrate's discretion with respect to disclosure under the circumstances of this proceeding (*see generally Armstrong v Armstrong*, 72 AD3d 1409, 1410-1411 [2010]).

Spain, Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.