■ In the Matter of Jason M. McDonald, Respondent, v Janelle M. McDonald, Appellant. [976 NYS2d 338]—

McCarthy, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered December 21, 2012, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to an order of a Support Magistrate.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) were married in 2000, but the father had previously signed acknowledgments of paternity for their son (born

in 1995) and daughter (born in 1998).[1] In 2002, the parties resolved the mother's support petition by stipulating to an order requiring the father to pay $150 per week in child support, which represented an upward deviation from the Child Support Standards Act due to the father's earning ability. The parties' 2003 separation agreement continued that child support arrangement, and the separation agreement was incorporated into their 2005 divorce decree. In 2006, Family Court continued the previously-ordered child support.

The father commenced this proceeding seeking to reduce his child support obligation on the grounds that he earns substantially less than he did previously, and that the son began receiving Social Security survivors benefits of $859 per month as a result of his biological father's death. Following a hearing, the Support Magistrate determined that the father did not demonstrate a significant change in his earning ability, but the Support Magistrate reduced his child support payments to $105 per week based on the son's unanticipated receipt of Social Security benefits. The mother filed specific written objections to the Support Magistrate's order. Family Court (Connerton, J.) denied the objections, and the mother now appeals.

Initially, Family Court erred in denying the objections on the procedural ground that the mother failed to properly serve them on the father. The statute requires that an objecting party serve objections on the opposing party (*see* Family Ct Act § 439 [e]). The mother complied with that requirement by serving the father's counsel and filing proof of that service (*see Matter of Nemcek v Connors*, 92 AD3d 1117, 1117 [2012]; *Matter of Etuk v Etuk*, 300 AD2d 483, 484-485 [2002]; *see also* CPLR 2103 [b]).

The Support Magistrate did not err in denying the father's motion to dismiss the petition prior to holding a hearing. While a hearing is not required unless the application for a modification is supported by an affidavit and evidentiary material sufficient to establish a prima facie case (*see* Family Ct Act § 451 [1]), the statutory language is permissive, rather than mandatory, providing the court with discretion to either proceed to a hearing or dismiss the petition (*see Matter of Malcolm v Trupiano*, 94 AD3d 1380, 1381 [2012]; *Matter of Manners v Manners*, 238 AD2d 815, 816 [1997]). The Support Magistrate did not abuse that discretion by permitting the matter to proceed to a hearing.

---

1. Although the father later filed a paternity petition alleging that the son was not his child, Family Court (Charnetsky, J.) dismissed the petition on the basis that he was estopped from denying paternity. He is, therefore, the son's legal father, even though the parties now concede that he is not the son's biological father.

Family Court erred in confirming the Support Magistrate's decision to reduce the father's child support obligation. If a separation agreement was fair and equitable when entered into, its child support provisions should not be modified "[u]nless there has been an unforeseen change in circumstances and a concomitant showing of need" (*Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]). The father does not argue that the separation agreement was unfair or inequitable in 2003. Despite the father's assertions that his earnings have been below the poverty line for more than three years, he has no debt, more than $14,000 in the bank and has remained current on his support payments. The father is now self-employed and reports that he makes less than he did previously, but income can be imputed to him under the circumstances. We agree with the Support Magistrate's finding that the father failed to show any significant change in his income-producing ability.

The only change in circumstances—certainly unanticipated here—is the son's receipt of Social Security survivors benefits as a result of his biological father's death. But the father has not demonstrated any showing of need for modification as a result of that change. Those benefits do not in any way affect the father's financial situation (*see Matter of Graby v Graby*, 87 NY2d 605, 611 [1996]). A reduction in child support based on those benefits would provide the father with a windfall and allow him to provide less for his children, to their detriment (*see id.*). A child's resources may be considered only in determining if the amount of the basic child support obligation is unjust or inappropriate (*see* Family Ct Act § 413 [1] [f] [1]; *Matter of Weymouth v Mullin*, 42 AD3d 681, 682 [2007]); a child should not be forced to diminish his or her own assets for basic necessities absent a showing of real need (*see Matter of Scholet v Newell*, 229 AD2d 621, 622 [1996]). The father only addressed the financial resources of the parents and one child, not any of the other factors applicable to that determination (*see* Family Ct Act § 413 [1] [f]), and that factor alone was insufficient to find the basic support amount unjust or inappropriate.[2] The son's receipt of Social Security benefits does not provide a basis for a downward modification of the father's child support payments (*see Matter of Cohen v Hartmann*, 285 AD2d 675, 675-676 [2001]), as such benefits are intended to "supplement existing resources," not to displace or reduce a parent's obligation to support his or her children (*Matter of Graby v Graby*, 87 NY2d at 611; *see Matter of Weymouth v Mullin*, 42 AD3d at 681-682;

---

2. Notably, the Support Magistrate did not actually make a finding that the basic child support obligation was unjust or inappropriate.

*Matter of Zevotek v Zevotek*, 257 AD2d 888, 890 [1999]; *Matter of Mezz v Hitchcock*, 252 AD2d 633, 634 [1998]).[3] Thus, Family Court should have dismissed the petition.

We need not address the mother's arguments concerning the Support Magistrate's rulings on disclosure issues, as our determination on the merits has rendered those arguments academic.

Stein, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.

---

**3.** Although previous cases dealt with Social Security disability benefits received by children as dependents of a disabled parent (*see e.g. Matter of Graby v Graby*, 87 NY2d at 611; *Matter of Weymouth v Mullin*, 42 AD3d at 682; *Matter of Cohen v Hartmann*, 285 AD2d at 675-676), the same result is appropriate in relation to Social Security survivors benefits received after a parent's death. If a parent cannot have his or her support obligation reduced based on the child's receipt of benefits that are received as a result of that parent's disability, we see no reason why a parent should receive a reduction based on the child's receipt of benefits that are in no way attributable to that parent.