## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  October 29, 2015                    520622
_____

ROBERT W. GRACE,
                        Respondent,

        v
                                            MEMORANDUM AND ORDER

JULIE B. GRACE,
                        Appellant.

(And a Related Proceeding.)
_____

Calendar Date:  September 9, 2015

Before:  Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____


        Cynthia Feathers, Glens Falls, for appellant.

        Frost & Kavanaugh, PC, Troy (David J. Kavanaugh of
counsel), for respondent.

                    _____


Peters, P.J.

        Appeal from an order of the Supreme Court (Zwack, J.),
entered July 8, 2014 in Rensselaer County, which, among other
things, denied defendant's cross motion to modify a prior order
of child support.

        Plaintiff (hereinafter the husband) and defendant
(hereinafter the wife) are the divorced parents of five children
(born in 1997, 1999, 2003 and 2005).  Pursuant to an oral
stipulation of settlement that was incorporated but not merged
into the parties' 2011 judgment of divorce, the husband agreed to
pay the wife $16,500 annually in child support, which represented
a downward deviation from the Child Support Standards Act (see
Domestic Relations Law § 240 [1-b]), as well as $28,000 annually

in maintenance for five years.  The stipulation further provided that a termination of the husband's maintenance obligation would constitute a sufficient change in circumstances so as to warrant a recalculation of child support pursuant to the Child Support Standards Act.  In February 2013, the husband moved to, among other things, terminate his maintenance obligation on the basis of the wife's alleged cohabitation with her paramour.  The wife opposed the motion and cross-moved for an upward modification of child support based upon an increase in the husband's income. Supreme Court, among other things, denied the wife's cross motion, partially granted the husband's motion and terminated his obligation to pay maintenance.  The wife appeals.

The wife's sole contention on this appeal is that Supreme Court erred in denying without a hearing her request for an upward modification of the husband's child support obligation. We do not agree.  The increase in the husband's income does not, standing alone, constitute a sufficient basis upon which to grant an upward modification of child support (see Matter of Overbaugh v Schettini, 103 AD3d 972, 974 [2013], lv denied 21 NY3d 854 [2013]; Hejna v Reilly, 26 AD3d 709, 711 [2006]).  While the parties did agree that termination of the husband's maintenance obligation would constitute a sufficient change in circumstances for the purpose of recalculating child support, the wife failed to submit a sworn statement of net worth, as required by 22 NYCRR 202.16 (k) (2), or any other financial documentation in support of her cross motion.  Under such circumstances, Supreme Court acted well within its discretion in summarily denying the wife's application without prejudice to renewal (see 22 NYCRR 202.16 [k] [5] [ii]; Rech v Rech, 122 AD3d 1286, 1287 [2014], lv denied 25 NY3d 905 [2015]; Garcia v Garcia, 104 AD3d 806, 806 [2013]; see also Bertone v Bertone, 15 AD3d 326, 326 [2005]; cf. Matter of McDonald v McDonald, 112 AD3d 1105, 1106 [2015]).

Lahtinen, Garry and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court