# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1212**
**CAF 15-01119**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF LISA M. HOLECK,
PETITIONER-RESPONDENT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SEAN D. BEYEL, RESPONDENT-PETITIONER-APPELLANT.

---

SEAN D. BEYEL, RESPONDENT-PETITIONER-APPELLANT PRO SE.

LISA M. HOLECK, PETITIONER-RESPONDENT-RESPONDENT PRO SE.

---

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered April 23, 2015 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of respondent-petitioner to an order of a Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent-petitioner father appeals pro se from an order that, inter alia, denied his objections to a Support Magistrate's order that, among other things, denied his request for a reduction of his child support obligation. Contrary to the father's contention, the Support Magistrate did not err in directing him to apply to the Social Security Administration for a change in the representative payee of the subject children's social security disability (SSD) benefits from the father to petitioner-respondent mother. The court in a child support matter has discretion to consider " 'everything available to support the child' " (*Matter of Webb v Rugg*, 197 AD2d 777, 778; *see Matter of Graby v Graby*, 87 NY2d 605, 611, *rearg denied* 88 NY2d 875). The evidence in the record before us establishes that the mother had primary physical custody of the subject children, and that their needs were best served by having their SSD benefits paid to her.

We further conclude that, because those payments are to be used for the benefit of the children and the father failed to establish that he had done so, the Support Magistrate did not err in directing that he pay to the mother the amount of those benefits that he received after the mother filed the petition seeking those payments for the benefit of the children (*see* Family Ct Act § 449 [2]; *McDonald v McDonald*, 262 AD2d 1028, 1028-1029; *see generally Matter of Kummer*, 93 AD2d 135, 185-186). Contrary to the father's contention, the

Support Magistrate did not award those funds to the mother as support arrears.  Instead, the Support Magistrate directed the father to provide the mother, the children's primary custodian, with funds that were "for the children's social security payment that [the father] received and did not give to" the mother and that he failed to establish that he used for the children's benefit.

Family Court also properly denied the father's objection to that part of the Support Magistrate's order that rejected his request for a reduction of his child support obligation.  The father requested that reduction after the mother became the payee for the children's SSD benefits, and the father contended that he received less income due to the change in payee.  It is well settled that, "although a dependent child's Social Security benefits are derived from the disabled parent's past employment, they are designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her children" (*Graby*, 87 NY2d at 611; *see Matter of Hollister v Whalen*, 244 AD2d 650, 650).  Therefore, the fact that the Support Magistrate directed the father to request that the Social Security Administration designate the mother as the children's representative payee, together with the father's resulting loss of the use of that money, does not provide a basis for a downward modification of the father's child support obligation (*see Matter of McDonald v McDonald*, 112 AD3d 1105, 1107-1108; *see generally Graby*, 87 NY2d at 611).

Entered:  December 23, 2016

Frances E. Cafarell
Clerk of the Court