Matter of Weaver v Weaver (2021 NY Slip Op 05764)





Matter of Weaver v Weaver


2021 NY Slip Op 05764


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

532136
[*1]In the Matter of Stanton E. Weaver Jr., Appellant,
v
Mary E. Weaver, Respondent.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Stanton E. Weaver Jr., Canajoharie, appellant pro se.
Becker, Glynn, Muffly, Chassin & Hosinski, LLP, New York City (William H. Newman of counsel) and Pro Bono Appeals Program, Buffalo (Jonathan S. Reiner of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Fulton County (McAuliffe, J.), entered July 6, 2020, which, in a proceeding pursuant to Family Ct Act article 4, among other things, denied petitioner's objections to an order of a Support Magistrate.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of one child (born in 2003). A December 2018 judgment of divorce incorporated, without merger, the provisions of their oral opting out agreement. The agreement set forth the father's maintenance and child support obligations, as well as a provision that the father's employment would cease in December 2018 and that, thereafter, the parties expected that the father would receive either a disability pension or long-term disability benefits, either of which would necessitate a modification of the father's child support and maintenance obligations.
The father commenced this proceeding seeking to reduce his maintenance and child support obligations on the ground that he earns substantially less in disability benefits than when he was employed. He further asserts that, as a result of his disabled status, the child now receives Social Security disability payments that, in his view, should defray his child support payments.[FN1] Following a hearing, the Support Magistrate determined that the father demonstrated a significant change in his earning ability and, thus, reduced his child support and maintenance payments and granted the father a credit for overpayment of maintenance and child support. However, the Support Magistrate did not deviate from the Child Support Standards Act as requested by the father based on the child's receipt of Social Security disability payments and credited arrears as of the date of the petition — July 22, 2019. The Support Magistrate additionally awarded the sum of $4,159.56 as a credit for overpayment of child support from July 22, 2019 until May 31, 2020, allowing the credit to be used to satisfy any outstanding child support arrears at the time of the ruling, but disallowed recoupment of the father's overpayment of child support from future and continuing child support payments. The father and the mother filed specific written objections to the Support Magistrate's order. Family Court denied the objections, and the father appeals.
The father argues that Family Court erred in dismissing his objections with regard to the proper date of modification of his child support and maintenance payments, failing to allow him to recoup amounts that he claims as overpayments in child support, disallowing him a credit on future child support payments as a result of past overpayments, and failing to deviate from the Child Support Standards Act due to the child receiving Social Security disability payments. As we find no merit in the father's arguments, we affirm.
The father's central argument, as relevant to this appeal, focuses on the Support Magistrate's use and Family Court's subsequent [*2]adherence to July 22, 2019 as the operative date to modify his support obligations. The father argues that the Support Magistrate misinterpreted a term of the divorce stipulation, and said misinterpretation led to the incorrect determination of July 22, 2019 as the operative date and subsequent miscalculation of amounts due. We find the father's argument to be precluded by res judicata.
"The doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently relitigating any questions that were necessarily decided therein" (Matter of Mead v Swift, 186 AD3d 1840, 1841 [2020] [internal quotation marks and citation omitted]). Here, the Support Magistrate properly found that the operative date for retroactivity was July 22, 2019, the date that the father filed the present modification petition, based on Supreme Court's October 2019 order on the merits as to the very issue. Supreme Court determined that, "[s]ince no petition or application was made in Supreme Court or in Family Court until [the father] filed his petition in Family Court on July 22, 2019, that marks the date as of which [the father] is entitled to a modification of his support obligations . . . unless the parties agree to a different date." The Support Magistrate correctly found that the parties did not enter into any stipulated agreement to set a retroactive date for relief prior to July 22, 2019. The father had a full and fair opportunity to challenge Supreme Court's determination and cannot now attack its validity for the first time on appeal (see Severing v Severing, 117 AD3d 1129, 1130 [2014]; Majid v Commissioner of Social Servs., 24 AD3d 251, 251 [2005], lv denied 7 NY3d 703 [2006]).
We further find no error in the Support Magistrate's denial of the father's application for a downward deviation from the Child Support Standards Act based on the child's receipt of Social Security disability payments. Where, as here, a child is not receiving the benefit of a parent's full-time earnings and higher salary level because of illness/disability, the federal government provides a derivative disability award to the child (see Matter of Graby v Graby, 87 NY2d 605, 611 [1996]). However, a child's disability benefit is "intended to supplement existing resources, not to displace or reduce a parent's obligation to support his or her child[]" (Matter of McDonald v McDonald, 112 AD3d 1105, 1107 [2013] [internal quotation marks and citation omitted]).
The father finally contends that Family Court abused its discretion in prohibiting any refund or credit for overpayments from the child's current or future support obligations. There is a strong public policy against recoupment of child support overpayments, absent any statutory authority or certain circumstances, which are not present here. We discern no abuse of discretion in Family Court's determination to restrict [*3]recoupment to existing arrears and prohibiting the reduction of current or future child support (see Johnson v Chapin, 12 NY3d 461, 466 [2009]; Johnson v Johnson, 172 AD3d 1654, 1657 [2019]; Matter of Apjohn v Lubinski, 114 AD3d 1061, 1065 [2014], lv denied 23 NY3d 902 [2014]). The father's remaining contentions have been rendered academic. Accordingly, we find no abuse of discretion in Family Court's denial of the father's objections (see Matter of Reaves v Jones, 110 AD3d 1276, 1277 [2013]; Matter of Nemcek v Connors, 92 AD3d 1117, 1118 [2012]).
Garry, P.J., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Preliminarily, the mother asserts that Family Court lacked jurisdiction to entertain the father's request for enforcement or modification of the terms of the agreement. The record reveals that Supreme Court did not retain exclusive jurisdiction and, in fact, granted Family Court concurrent jurisdiction (see Family Ct Act § 461 [b] [ii]; [c]). Furthermore, Supreme Court expressly referred the issues of arrears and modification of the maintenance and child support obligations to Family Court in an October 2019 order (see Family Ct Act § 464 [a]). Accordingly, Family Court was authorized to modify the judgment of divorce as it pertains to maintenance and child support (see Matter of Malone v Malone, 84 AD3d 1674, 1674 [2011]; Matter of Barrett v Barrett, 281 AD2d 799, 801 [2001]; Matter of Allen v Allen, 145 AD2d 868, 869 [1988]).