Matter of Andersen v Bosworth (2025 NY Slip Op 01029)

Matter of Andersen v Bosworth

2025 NY Slip Op 01029

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-2433
[*1]In the Matter of Lea R. Andersen, Respondent,
v
Christopher M. Bosworth, Appellant.

Calendar Date:January 13, 2025

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Martin J. McGuinness, Esq. PLLC, Saratoga Springs (Martin J. McGuinness of counsel), for appellant.
Law Office of Martin & Martin, Glens Falls (Trinidad M. Martin of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Warren County (Paulette Kershko, J.), entered December 6, 2023, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to an order of a Support Magistrate, and modified an order of support.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2010). In March 2011, the parties entered into a stipulation and agreement regarding child support that was incorporated into a Family Court support order. One of the provisions of the stipulation and agreement provides that "the parties to this [s]tipulation have specifically opted out of the provisions of Domestic Relations Law § 236 [B] (9) (b) (2) (ii) and Family Court Act § 451 (2) (b)[FN1] which provide that 'the court may modify an order of child support where: (A) three years have passed since the order was entered, last modified or adjusted; or (B) there has been a change in either party's gross income by [15%] or more since the order was entered, last modified, or adjusted.' "[FN2] In May 2022, the mother commenced this proceeding seeking an upward modification of child support alleging that the child is a preteen and costs have increased, it has been three years since the order was modified and that the father was paying less than 17% of his income. The father opposed the petition asserting that the parties opted out of the statutory change in circumstances set forth in Family Ct Act § 451. Thereafter, the father moved to dismiss the mother's petition for failure to state a cause of action, as the change in circumstances set forth in the mother's petition referenced the statutory provisions to which they specifically opted out. By order entered on October 28, 2022, the Support Magistrate (Perry, S.M.) granted and denied the motion in part, by determining that the opting-out provision set forth in the parties' stipulation and agreement remained in effect and, as such, struck the causes of action alleged in the mother's petition mirroring the statutory opting-out provisions — i.e., seeking modification based on the passage of time of three years or a change in income of 15% or more. Nonetheless, the Support Magistrate further determined that the existence of the Family Ct Act § 451 waiver did not necessitate dismissing the mother's petition in its entirety and, instead, scheduled a hearing to determine the existence of an unanticipated and unreasonable change in circumstances, resulting in a concomitant need (see Matter of Brescia v Fitts, 56 NY2d 132, 138 [1982]). Following the hearing, the Support Magistrate determined that the mother failed to meet her burden of showing an unanticipated or unreasonable change in circumstances and, by order entered on December 30, 2022, dismissed the mother's modification petition.
The mother filed objections to the Support Magistrate's order alleging that she was unable to properly represent herself. The father did not file any rebuttal [*2]to her objections. By order entered February 10, 2023, Family Court granted the mother's objections finding that the Support Magistrate erred in giving effect to the 2011 stipulation and agreement, restored the mother's modification petition and remanded the matter to the Support Magistrate for further proceedings. Upon receipt of this order, the father moved in Family Court to vacate it, stay the remand and to reargue and renew contending, among other things, that Family Court lacked jurisdiction based on failure of service as neither he nor his attorney was served with the objections. Family Court summarily denied the motion.[FN3] Following a second hearing, the Support Magistrate, following Family Court's order, did not apply the parties' 2011 stipulation with attendant Family Ct Act § 451 opting-out provisions. In so doing, the Support Magistrate determined that there had been a change in circumstances in that three years had passed since the last support order and, as such, increased the father's child support payments. The father filed objections to the Support Magistrate's order contending, as relevant here, that the mother's objections should have been dismissed for failure to serve his counsel and him. Family Court denied the father's objections, discerning no basis to disturb the Support Magistrate's determinations. The father appeals.
Initially, we note that contrary to the mother's contention, Family Court's February 10, 2023 order granting the mother's objections and its order denying the father's motion to vacate, renew and reargue are nonfinal as Family Court made no determination regarding the mother's support modification application and remanded the matter to the Support Magistrate. As the orders were nondispositional orders, they are not appealable and the father's failure to perfect his first appeal does not constitute a waiver of his right to have this Court hear the matters now. Moreover, these issues were raised in the father's objections and are part of the appeal from the final dispositional order (see Matter of Andzel-Graziano v Graziano, 193 AD3d 1282, 1283 [3d Dept 2021]; Matter of Cortland County Dept. of Social Servs. v Martin, 182 AD3d 759, 760 [3d Dept 2020]; Matter of Treistman v Cayley, 155 AD3d 1343, 1344 [3d Dept 2017]).
The father contends that Family Court should have dismissed the mother's objections based on her failure to properly serve his counsel.[FN4] We agree. Family Ct Act § 439 (e) directs that "[a] party filing objections shall serve a copy of such objections upon the opposing party, who shall have [13] days from such service to serve and file a written rebuttal to such objections." This provision does not address the issue of whether service on an attorney representing a party constitutes service on the opposing party. Where a method of procedure is not prescribed, Family Ct Act § 165 (a) provides that "the provisions of the [CPLR] shall apply to the extent that they are appropriate to the proceedings involved[*3]." CPLR 2103 specifically pertains to the service of papers and provides that "papers to be served upon a party in a pending action shall be served upon the party's attorney" (CPLR 2103 [b]). Accordingly, "service on an opposing party represented by counsel requires service on the attorney, not the party" (Matter of Etuk v Etuk, 300 AD2d 483, 484 [2d Dept 2002]; see Matter of Perez v Villamil, 19 AD3d 501, 501 [2d Dept 2005]; see generally Matter of McDonald v McDonald,112 AD3d 1105, 1106 [3d Dept 2013]; Matter of Nemcek v Connors, 92 AD3d 1117, 1117 [3d Dept 2012]). The record supports that counsel was not served with the objections, and in fact only became aware of them upon receipt of Family Court's order granting same. Once in receipt of the order, counsel contacted the father who immediately moved to vacate, renew and reargue alleging, among other things, that the mother's objections should be dismissed for failure to serve the father's counsel, and that the father's failure to reply to her objections was a direct result of the service failure. Family Court summarily denied the motion. As a result of the foregoing, the father was severely prejudiced. Although failure to serve counsel has, in some instances, been deemed a mere "irregularity" which could be properly disregarded by the court, those instances involved situations where counsel actually obtained a copy of the objections and there was no resultant prejudice (see Matter of Perez v Villamil, 19 AD3d at 501-502). That is not the situation here, where counsel never obtained a copy of the objections, and thus never responded to same. Under the circumstances of this case, the February 10, 2023 order of Family Court and all subsequent orders are void, and the Support Magistrate's December 30, 2022 order is reinstated. The father's remaining contention has been rendered academic.
Egan Jr., J.P., Clark, Fisher and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: The current provision pertaining to opting out of the statutory provisions by stipulation is Family Ct Act § 451 (3) (b) (i) and (ii).

Footnote 2: The mother and the father have been involved in various support proceedings since 2011, including two upward modifications of child support.

Footnote 3: The father filed an appeal with this Court in February 2023, pertaining to these orders, but did not perfect his appeal. As the appeal was not perfected within six months from the date of the notice of appeal, the appeal was deemed dismissed without further order (see 22 NYCRR 1250.10 [a]).

Footnote 4: There is some conflict in the record as to whether the father himself was served. He maintains he was not, while the mother has filed an affidavit of mailing with respect to the father. Under the analysis herein, service upon him is not dispositive.