Hughes v Lugo (2020 NY Slip Op 04308)





Hughes v Lugo


2020 NY Slip Op 04308


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-12674
 (Docket No. F-33618-10/18C)

[*1]In the Matter of Chaasahn A. Hughes, appellant,
v
Andrea D. Lugo, respondent.


Zeitlin & Zeitlin, P.C., Brooklyn, NY (David A. Zeitlin of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated October 9, 2019. The order denied, as untimely, the father's objections to an order of the same court (Adele Alexis Harris, S.M.) dated August 20, 2018, which granted the father's petition for a downward modification of his child support obligation only to the extent of removing his emancipated child from the order of support.
ORDERED that the order dated October 9, 2019, is reversed, on the law, without costs or disbursements, the father's objections to the order dated August 20, 2018, are deemed timely filed, and the matter is remitted to the Family Court, Kings County, for a determination on the merits of the father's objections.
The parties were formerly married and have two children together, born in April 1997 and January 2005. In 2010, the parties divorced. Pursuant to the parties' judgment of divorce, the father was obligated to pay the mother child support for the parties' unemancipated children. On April 27, 2018, approximately one week after the older child turned 21 years old, the father filed a petition for a downward modification of his child support obligation. In an order dated August 20, 2018, the Support Magistrate granted the petition to the extent of removing the older child from the order of support by operation of law. However, the Support Magistrate's order continued the order of support for the younger child only without modifying the amount of the father's child support obligation. On July 29, 2019, the father filed objections to the Support Magistrate's order. The Family Court denied the father's objections as untimely. The father appeals.
Pursuant to Family Court Act § 439(e), objections to an order of a Support Magistrate must be filed within 30 days after the date on which the order is provided to the objecting party in court or by personal service, or within 35 days after the date in which the order is mailed to the objecting party (see Family Ct Act § 439[e]; Matter of Kao v Kao, 165 AD3d 944, 945). When a party is represented by counsel, the 35-day time requirement does not begin to run until the final order is mailed to counsel (see Matter of Odunbaku v Odunbaku, 28 NY3d 223, 230; Matter of Kao v Kao, 165 AD3d at 946). Here, the father and the father's prior counsel indicated that neither of them received the Support Magistrate's order by either personal service or mail. In addition, there is no evidence in the record demonstrating that the Support Magistrate's order was mailed or personally served on the father's counsel. Since there is no evidence in the record indicating that the Support Magistrate's order was personally served or mailed to the father's counsel (see Matter of [*2]Neu v Davidowitz, 27 AD3d 473, 474; see also Matter of Juliya V. v Aleksandr V., 170 AD3d 530, 530-531), the time in which the father was required to file his objections never began to run (see Matter of Belolipskaia v Guerrand, 65 AD3d 932, 932; Matter of Jeanne S. v Salvatore S., 49 AD3d 330, 331; Matter of Ogborn v Hilts, 262 AD2d 857, 858). Contrary to the Family Court's determination, the father's actual possession of the Support Magistrate's order, which prior counsel indicated was obtained from the Family Court record room, is not dispositive, as the time limitations of Family Court Act § 439(e) do not begin to run until service is effectuated in accordance therewith (see Matter of Odunbaku v Odunbaku, 28 NY3d at 226, 230).
Accordingly, we remit the matter to the Family Court, Kings County, for a determination on the merits of the father's objections.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court