Matter of Jones v Jones (2021 NY Slip Op 05567)





Matter of Jones v Jones


2021 NY Slip Op 05567


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-05132 
2020-07337
 (Docket Nos. F-6794-18/18C/19D/19E)

[*1]In the Matter of Alisa A. Jones, respondent,
v
Michael M. Jones, appellant.


Thomas F. Liotti, Garden City, NY, for appellant.
Alisa A. Jones, Seaford, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) a corrected order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated August 3, 2020, and (2) an order of the same court dated August 10, 2020. The corrected order denied, as untimely, the father's objections to an order of the same court (Lisa M. Williams, S.M.), dated October 16, 2019, which, inter alia, after a hearing, modified the child support obligations set forth in the parties' judgment of divorce dated April 27, 2016. The order dated August 10, 2020, insofar as appealed from, denied that branch of the father's motion which was for leave to renew his objections and, in effect, upon reargument, adhered to the prior determination in the corrected order dated August 3, 2020, denying his objections as untimely.
ORDERED that the appeal from the corrected order dated August 3, 2020, is dismissed, as that order was superseded by the order dated August 10, 2020, made, in effect, upon reargument; and it is further, ORDERED that the order dated August 10, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The parties were divorced in 2016. The judgment of divorce incorporated, but did not merge, the terms of the parties' stipulation of settlement, including support for the parties' two children. In 2017, the father renewed a previous petition for a downward modification of his child support obligation, and the mother subsequently petitioned for an upward modification of child support and enforcement of a provision in the stipulation of settlement pertaining to the payment of Social Security disability benefits. In an order dated October 16, 2019, after a hearing, the Support Magistrate modified the father's child support obligation and calculated his arrears in the payment of Social Security benefits. On December 9, 2019, the father filed objections to the Support Magistrate's order, which the Family Court denied as untimely in a corrected order dated August 3, 2020. Upon the father's motion for leave to renew and reargue his objections, the Family Court, in an order dated August 10, 2020, denied that branch of the motion which was for leave to renew, in effect, granted that branch of the motion which was for leave to reargue, and, upon reargument, [*2]adhered to its prior determination denying the objections as untimely.
"Objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party" (Matter of Verzhbo v Grubelich, 147 AD3d 864, 865; see Family Ct Act § 439[e]; Matter of Tirado v Maldonado, 154 AD3d 712, 713; Matter of Ferrante v Bantis, 143 AD3d 984, 984). On this record, the Family Court's denial of the father's objections as untimely was proper, since the objections were not filed until 38 days after the order was mailed (see Matter of Ferone v Magnussen, 186 AD3d 1685; Matter of Maslak v Purdum, 185 AD3d 826; Matter of Curcio v Garuccio, 174 AD3d 803). Accordingly, upon reargument, the court properly adhered to its prior determination denying the objections as untimely.
Furthermore, the Family Court properly denied that branch of the father's motion which was for leave to renew, as the father failed to make the requisite showing in support of renewal (see CPLR 2221[e][2]; Maddaloni v Maddaloni, 163 AD3d 792, 794).
In light of our determination, we need not reach the father's remaining contentions.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court