Matter of Girard v Girard (2023 NY Slip Op 06740)

Matter of Girard v Girard

2023 NY Slip Op 06740

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2022-09505
 (Docket No. F-7272-18/20B)

[*1]In the Matter of Kevin B. Girard, appellant,
v
Kerri Lynn Girard, respondent.

The Law Office of Robert G. Venturo, P.C., Patchogue, NY (Kevin Gebhart of counsel), for appellant.
Simon Law Group, PLLC, Commack, NY (Lance D. Simon of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated October 28, 2022. The order denied, as untimely, the father's objections to an order of the same court (Meridith Lafler, S.M.) dated July 19, 2022, which, after a hearing, and upon findings of fact, also dated July 19, 2022, dismissed his petition for a downward modification of his child support obligation.
ORDERED that the order dated October 28, 2022, is affirmed, with costs.
The parties are the parents of two children, born in 2008 and 2010, respectively. In July 2020, the father filed a petition seeking a downward modification of his child support obligation, alleging that he could not maintain his earning capacity due to serious, severe, and permanent personal injuries. In an order dated July 19, 2022, the Support Magistrate dismissed the petition, finding that the father's decrease in earning capacity and income was voluntary.
Thereafter, the father filed objections to the Support Magistrate's order. In an order dated October 28, 2022, the Family Court denied the father's objections as untimely. The father appeals.
"'Objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party'" (Matter of Bosse v Simpson, 173 AD3d 856, 857, quoting Matter of Verzhbo v Grubelich, 147 AD3d 864, 865; see Family Ct Act § 439[e]).
Here, the Support Magistrate's order contains a notation directly below the Support Magistrate's signature indicating that it was mailed to the parties, as well as their respective attorneys, on July 28, 2022. The Support Magistrate's order, on the same page above the Support Magistrate's signature, also contains an instruction in capital letters stating that "written objections to [the] order may be filed . . . within 35 days of the mailing of the order." Thus, the father's objections filed on September 2, 2022, more than 35 days after the mailing of the Support Magistrate's order, were untimely (see Matter of Jones v Jones, 198 AD3d 779, 780; Matter of Bosse v Simpson, 173 AD3d at 857; Matter of Tirado v Maldonado, 154 AD3d 712, 713).
Accordingly, the Family Court properly denied, as untimely, the father's objections to the Support Magistrate's order.
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court