Matter of Tobar v Wheeler (2024 NY Slip Op 00428)

Matter of Tobar v Wheeler

2024 NY Slip Op 00428

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-03774
 (Docket No. F-31240-06/16E)

[*1]In the Matter of Lili Tobar, appellant,
v
Joseph Wheeler, respondent.

Cavallo Law, PLLC, New York, NY (Carrie Anne Cavallo of counsel), for appellant.
Joseph Wheeler, Hewlett, NY, respondent pro se.

DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Stephanie Schwartz, J.), dated March 27, 2023. The order denied, as untimely, the mother's objections to an order of the same court (Adele Alexis Harris, S.M.) dated January 5, 2023, which, after a hearing, denied the mother's petition alleging that the father was in willful violation of an order of support dated November 1, 2006.
ORDERED that the order dated March 27, 2023, is affirmed, with costs.
The parties are parents to one child. In an order of support dated November 1, 2006, the father was directed to pay child support to the mother. In February 2016, the mother filed a petition alleging that the father was in willful violation of the order of support. In an order dated January 5, 2023, the Support Magistrate denied the mother's petition. The January 5, 2023 order was mailed to the mother on January 23, 2023. On March 8, 2023, the mother filed objections to the January 5, 2023 order. In an order dated March 27, 2023, the Family Court denied the mother's objections as untimely. The mother appeals.
Pursuant to Family Court Act § 439(e), "'[o]bjections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party'" (Matter of Jones v Jones, 198 AD3d 779, 780, quoting Matter of Verzhbo v Grubelich, 147 AD3d 864, 865; see Family Ct Act § 439[e]). On this record, the Family Court's denial of the mother's objections as untimely was proper, as the mother filed her objections more than 35 days after the January 5, 2023 order was mailed to her (see Matter of Jones v Jones, 198 AD3d at 780; Matter of Maslak v Purdum, 185 AD3d 826, 827).
In light of our determination, we need not reach the mother's remaining contentions.
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court