Matter of Dodd v Dodd (2024 NY Slip Op 01540)

Matter of Dodd v Dodd

2024 NY Slip Op 01540

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-03809
 (Docket No. F-110-19)

[*1]In the Matter of Ngozi Dodd, respondent,
v
Norman G. Dodd, appellant.

Norman Dodd, named herein as Norman G. Dodd, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Kings County (Alan Beckoff, J.), dated March 16, 2023. The order denied, as untimely, the husband's objections to an order of the same court (Nicholas J. Palos, S.M.) dated January 3, 2023, which, after a hearing, inter alia, directed him to pay spousal support in the amount of $806 per month.
ORDERED that the order dated March 16, 2023, is affirmed, without costs or disbursements.
The parties were married in 2016 and have no children together. In 2019, the wife commenced this support proceeding against the husband. In an order dated January 3, 2023 (hereinafter the January 3 order), after a hearing, the Support Magistrate, inter alia, directed the husband to pay spousal support in the amount of $806 per month. On February 14, 2023, the husband filed objections to the January 3 order. In an order dated March 16, 2023, the Family Court denied the husband's objections as untimely. The husband appeals.
Objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party (see Family Ct Act § 439[e]; Matter of Jones v Jones, 198 AD3d 779, 780; Matter of Maslak v Purdum, 185 AD3d 826, 827). Contrary to the husband's contention, the postmark date did not establish that the January 3 order was not mailed on January 3, 2023 (see Kings Park Classroom Teachers Assn. v Kings Park Cent. School Dist., 63 NY2d 742; Matter of Ferone v Magnussen, 186 AD3d 1685, 1686).
Accordingly, the Family Court properly denied, as untimely, the husband's objections to the January 3 order (see Family Ct Act § 439[e]; Matter of Ferone v Magnussen, 186 AD3d at 1686; Matter of Bosse v Simpson, 173 AD3d 856, 857).
In light of our determination, we need not reach the husband's remaining contentions.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court