Matter of Hanisz v Wright (2024 NY Slip Op 03750)

Matter of Hanisz v Wright

2024 NY Slip Op 03750

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-02310
 (Docket No. F-6235-22/22A)

[*1]In the Matter of Olga Hanisz, respondent, 
v
Michael Wright, appellant.

Steven P. Forbes, Huntington, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Tamra Walker, J.), dated February 2, 2023. The order denied the father's objections to an order of disposition of the same court (Serena Rosario, S.M.) dated December 6, 2022, which, after a hearing, found that the father willfully violated a prior order of support and directed the entry of a money judgment in favor of the mother and against him in the principal sum of $16,510. The notice of appeal from an order dated December 6, 2022, is deemed to be a notice of appeal from the order dated February 2, 2023 (see CPLR 5512[a]).
ORDERED that the order dated February 2, 2023, is affirmed, without costs or disbursements.
The parties have one child together. A judgment of divorce dated June 15, 2021, required the father to pay child support to the mother biweekly. In March 2022, the mother filed a petition alleging that the father had failed to make the required child support payments. After a hearing before the Support Magistrate, the mother's attorney asked for a money judgment for arrears and a finding of willfulness, which would allow for an award of attorneys' fees under Domestic Relations Law § 237(c). When asked if she was asking for a "term of incarceration," the mother's attorney specifically said, "No, we're not asking for that," and, in effect, withdrew the mother's demand for a contempt finding.
In an order of disposition dated December 6, 2022, the Support Magistrate found that the father willfully violated the child support provisions of the judgment of divorce and directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $16,510, representing the amount of child support arrears owed by the father. The father filed objections to the Support Magistrate's order of disposition on January 10, 2023, and again on January 18, 2023. In an order dated February 2, 2023, the Family Court denied the father's January 10, 2023 objections on the ground that he failed to include an affidavit of service, and denied the January 18, 2023 objections on the ground that they were untimely. The father appeals.
Contrary to the father's contention, his statutory right to counsel pursuant to Family Court Act § 262 was not violated, since the mother, in effect, withdrew her demand for a contempt finding (see Brinson v Brinson, 178 AD3d 1367). In this support proceeding, the father did not have the right to assigned counsel (see Matter of Diaz v Smatkitboriharn, 158 AD3d 760).
Pursuant to Family Court Act § 439(e), objections to an order of a support magistrate must be filed within 35 days after the mailing of the order to the aggrieved party (see Matter of Tobar v Wheeler, 223 AD3d 910, 910). Family Court Act § 439(e) also provides that "[a] party filing objections shall serve a copy of such objections upon the opposing party," and that "[p]roof of service upon the opposing party shall be filed with the court at the time of filing of objections and any rebuttal" (see Matter of Hopkins v Hopkins, 178 AD3d 1045, 1046). On appeal, the father does not challenge the Family Court's determination that the January 10, 2023 objections to the Support Magistrate's order of disposition were filed without proof of service and that the January 18, 2023 objections were untimely filed. Thus, the order denying the father's objections must be affirmed (see Matter of Rondello v Jack, ___ AD3d ___, 2024 NY Slip Op 02821 [2d Dept]).
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court