Matter of Lee v Auguste (2025 NY Slip Op 05812)

Matter of Lee v Auguste

2025 NY Slip Op 05812

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2025-01721
 (Docket No. F-17571-19)

[*1]In the Matter of Shakema Lee, respondent,
v
Alexander Auguste, Jr., appellant.

Alexander Auguste, Jr., Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Sharon N. Clarke, J.), dated January 6, 2025. The order denied the father's objections to (1) an order of the same court (Adele Alexis Harris, S.M.) dated May 24, 2021, which, after a hearing, and upon findings of fact also dated May 24, 2021, inter alia, directed the father to pay basic child support in the sum of $473.18 per week, retroactive child support in the sum of $38,681.31, and 77% of the unreimbursed health-related expenses for the parties' children and (2) an order of the same court (Adele Alexis Harris, S.M.) dated November 12, 2024, which denied the father's motions, in effect, pursuant to CPLR 5015(a)(4) to vacate the order dated May 24, 2021, and for a jury trial.
ORDERED that the order dated January 6, 2025, is affirmed, without costs or disbursements.
The mother and the father have three children together, born in 2004, 2014, and 2017. In March 2024, the father moved, in effect, pursuant to CPLR 5015(a)(4) to vacate an order dated May 24, 2021, inter alia, determining his child support obligation (hereinafter the May 2021 order of support) on the ground that the Family Court lacked subject matter jurisdiction and for a jury trial. In May 2024, the father again moved, in effect, for the same relief. In an order dated November 12, 2024, a Support Magistrate denied the father's motions (hereinafter the November 2024 order).
The father subsequently filed objections to the May 2021 order of support and the November 2024 order. In an order dated January 6, 2025, the Family Court denied the father's objections to the May 2021 order of support as untimely and denied his objections to the November 2024 order. The father appeals.
Pursuant to Family Court Act § 439(e), objections to an order of a Support Magistrate must be filed within 35 days after the mailing of the order to the aggrieved party (see Matter of Tobar v Wheeler, 223 AD3d 910, 910). On appeal, the father does not challenge the Family Court's denial of his objections to the May 2021 order of support as untimely. Accordingly, so much of the order appealed from as denied the father's objections to the May 2021 order of support must be affirmed (see Matter of Rondello v Jack, 227 AD3d 1001, 1001; Matter of Lombardo v Thomas, 53 AD3d 549, 549).
Pursuant to CPLR 5015(a)(4), a court may relieve a party from an order or judgment [*2]where the court "lack[ed] . . . jurisdiction to render the judgment or order." The New York State Constitution imbues the Family Court with jurisdiction over proceedings for the support of dependents (see NY Const, art VI, § 13[b][4]). The Family Court has exclusive original jurisdiction over proceedings for support or maintenance under article 4 of the Family Court Act (see id. § 411). Further, Family Court Act § 439(a) empowers support magistrates "to hear, determine and grant any relief within the powers of the court in any proceeding under," inter alia, article 4, to establish child support.
Here, the Family Court had subject matter jurisdiction to enter the May 2021 order of support because it had both constitutional and statutory authority to determine the mother's petition to establish child support (see NY Const, art VI, § 13[b][4]; Family Ct Act §§ 411, 439[a]; Matter of Lindsay v Duncan, 238 AD3d 763, 764).
The father was not entitled to a jury trial under the Seventh Amendment of the United States Constitution because that amendment is not applicable in state courts (see McDonald v Chicago, 561 US 742, 765 n 13; Matter of Serby v City of New York, 215 AD3d 438, 439; Marko v Korf, 166 AD3d 545, 546).
The father's remaining contentions are without merit.
Accordingly, the Family Court properly denied the father's objections to the November 2024 order.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court