Matter of Sgaramella v Summers (2025 NY Slip Op 05953)

Matter of Sgaramella v Summers

2025 NY Slip Op 05953

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-11110
 (Docket No. F-1344-24)

[*1]In the Matter of Steven J. Sgaramella, respondent, 
v
Jennifer Summers, appellant.

Jennifer Ann Summers, named herein as Jennifer Summers, Pleasant Valley, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated September 17, 2024. The order denied the mother's objections to an order of the same court (Jeanne M. Patsalos, S.M.) dated June 25, 2024, which, after a hearing, and upon findings of fact dated June 25, 2024, inter alia, directed her to pay basic child support in the sum of $509 biweekly.
ORDERED that the order dated September 17, 2024, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a new determination in accordance herewith.
On March 28, 2024, the father commenced this proceeding pursuant to Family Court Act article 4 against the mother seeking to establish child support for their minor child. In an order dated June 25, 2024, the Support Magistrate, after a hearing, and upon findings of fact dated June 25, 2024, inter alia, directed the mother to pay basic child support in the sum of $509 biweekly. The mother filed objections to the Support Magistrate's order. In an order dated September 17, 2024, the Family Court denied the mother's objections as untimely. The mother appeals.
"Objections to an order of a Support Magistrate must be filed within 35 days after the date on which the order is mailed to the objecting party" (Matter of Verzhbo v Grubelich, 147 AD3d 864, 865; see Family Ct Act § 439[e]; Matter of Tobar v Wheeler, 223 AD3d 910, 910). Nothing in the record or the order of the Family Court, from which this appeal is taken, reflects the date that the Support Magistrate's order was mailed. The Family Court used the date of the Support Magistrate's order, June 25, 2024, as the starting point for calculation of the 35-day period, which, in this case, resulted in the service of the objections being deemed untimely. However, it is not discernable whether the June 25, 2024 date of the Support Magistrate's order was the mailing date. Under such circumstances, we reverse the order appealed from and remit the matter to the Family Court, Dutchess County, for a new determination as to the timeliness of the filing of the mother's objections and, if timely, the merits of her objections (see Matter of Neu v Davidowitz, 27 AD3d 473, 474).
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court