Matter of Siljanne H. v Abraham D.

2026 NY Slip Op 02982

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Siljanne H. (Anonymous), appellant,

v

Abraham D. (Anonymous), respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-07006, (Docket No. P-560-96/01B)

Lara J. Genovesi, J.P.

Deborah A. Dowling

Lillian Wan

Susan Quirk, JJ.

Siljanne H., appellant pro se.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated June 18, 2024. The order denied, as untimely, the mother's objections to an order of the same court (Denetra M. Thompson, S.M.) dated January 5, 2024, which, after a hearing, denied the mother's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Elaine Clark, H.E.) dated May 1, 2002, granting the father's petition for a downward modification of his child support obligation upon the mother's default in appearing.

ORDERED that the order dated June 18, 2024, is affirmed, without costs or disbursements.

The parties have one child in common who was born in 1994. In 2022, the mother moved, in effect, pursuant to CPLR 5015(a)(4) to vacate an order dated May 1, 2002, granting the father's petition for a downward modification of his child support obligation upon the mother's default in appearing. In an order dated January 5, 2024, the Support Magistrate denied the mother's motion. On April 9, 2024, the Support Magistrate's order was personally served on the mother.

On May 21, 2024, the mother filed objections to the Support Magistrate's order. In an order dated June 18, 2024, the Family Court denied the mother's objections as untimely. The mother appeals.

Pursuant to Family Court Act § 439(e), objections to an order of a Support Magistrate must be filed within 30 days of the date the order is personally served on the objecting party (see Hughes v Lugo, 185 AD3d 1033, 1034). On this record, the Family Court's denial of the mother's objections as untimely was proper, as the mother's objections were filed more than 30 days after personal service of the Support Magistrate's order (see Matter of Tobar v Wheeler, 223 AD3d 910; Matter of Girard v Girard, 222 AD3d 977; Matter of Jones v Jones, 198 AD3d 779).

In light of the foregoing, we need not reach the mother's remaining contentions.

GENOVESI, J.P., DOWLING, WAN and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court